[Cite as *State v. Baldwin*, 2022-Ohio-757.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

DE QUAN D. BALDWIN,

        Defendant-Appellant.

CASE NO. 2021-L-092

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2020 CR 000560

**O P I N I O N**

Decided: March 14, 2022
Judgment:  Affirmed

*Charles E. Coulson,* Lake County Prosecutor, and *Teri R. Daniel,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp,* Lake County Public Defender, and *Melissa A. Blake,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1}    Appellant, De Quan D. Baldwin, appeals from the judgment of the Lake County Court of Common Pleas terminating his community control due to an incident wherein, the state alleged, appellant, who was shot several times, shot and injured another individual.  At issue is whether the state provided sufficient evidence to meet its burden of establishing the alleged violations of his community control conditions.  We affirm.

{¶2} Appellant had previously pleaded guilty to possession of marijuana, in violation of R.C. 2925.11, a felony of the fifth degree. He was sentenced to one year of community control. On April 6, 2021, prior to the expiration of his community control, the state filed a motion to terminate due to an alleged incident occurring on March 18, 2021. The state claimed, during the incident, appellant violated two conditions of his community control; those conditions provided, respectively: "You shall obey all local, state, and federal laws. You will be arrested for violating any local, state, or federal laws." And, "[y]ou shall not purchase, own, possess, or have under your control any firearm, dangerous ordinance, or deadly weapon."

{¶3} At the hearing on revocation, the state called appellant's probation officer, Kalie Warren. Ms. Warren testified she learned of the alleged violation from appellant's previous probation officer, who had received a call from an unknown individual indicating appellant had been shot. The previous officer obtained a police report of the incident and, based on the information contained therein, Ms. Warren sought to terminate appellant's community control.

{¶4} Next, the state called Detective Salvatore Santillo, an officer with the City of Cleveland Police Department. The detective testified he was assigned to investigate a shooting that occurred in Cleveland on March 18, 2021. He was able to obtain a home-surveillance video that depicted the incident. The video showed an individual, identified as the victim, approaching a group of five to six males and interacting with them in some fashion. Because there was no audio, it was not possible to determine the nature of the interaction. Detective Santillo admitted he could not identify appellant in the video due to its "grainy" nature. According to the victim, who was later interviewed, one of the males

2

lunged at him and attempted to "steal his firearm." A shoot-out ensued between the victim and one of the unidentified males. The video shows that both men were apparently shot. And, after the shoot-out, the male ultimately identified as the aggressor (and alleged to be appellant) discarded his weapon. The male then entered a vehicle that the detective identified as a Subaru Legacy, the make and model of a vehicle registered to appellant. Given the quality of the video, however, no license-plate number could be identified on the vehicle.

{¶5} Detective Santillo testified that, when officers arrived at the scene of the incident, a witness, who referred to himself as appellant's brother-in-law, stated appellant was present during the incident and was shot. With this in mind, the detective was able to determine appellant had been transported to a hospital in a vehicle matching the car in the video. Eventually, the detective spoke with appellant at the hospital. Apparently, appellant had been shot five times. When questioned regarding his whereabouts at the time of the shoot-out, appellant stated he was in the vicinity of the incident (one street south of the shooting) but had no recollection of the events. The detective ultimately noted that the firearm that was cast aside at the scene was sent to BCI for DNA testing, but no results had been submitted as of the date of the hearing. Similarly, at the time of the hearing, the matter was still being investigated, but appellant had yet to be charged or indicted.

{¶6} At the close of the hearing, the trial court stated, based upon the direct and circumstantial evidence, that it was "convinced" appellant violated each of the conditions of community control. The trial court then imposed a 12-month sentence for the violations. Appellant now appeals and assigns the following as error:

3

{¶7} "The trial court abused its discretion when it found that the defendant-appellant violated the terms of his community control because the state did not produce any substantial evidence of such violations."

{¶8} Appellant asserts Ms. Warren's testimony failed to establish evidence of a community-control violation. In particular, appellant asserts Ms. Warren's testimony merely indicated that his former probation officer learned he was shot; and, even though a police report was obtained, it was not submitted into evidence and Ms. Warren did not testify to the specific facts that caused her to move to terminate. Moreover, appellant asserts that Detective Santillo's testimony was equally inadequate to support the trial court's decision. He underscores that the detective could not identify appellant in the video and, because there is no audio, the video's only value is that of a "grainy," visual record of the incident; moreover, even though an alleged witness (appellant's purported brother-in-law) purportedly stated appellant was at the scene, the detective did not testify he spoke with this individual. Further, the detective did not testify that the alleged witness identified appellant as the shooter or one in possession of a firearm. Appellant also emphasizes no DNA results were available to connect appellant with the firearm at issue. Finally, although the detective asserted the vehicle the injured shooter entered after the incident was a Subaru Legacy registered to appellant, the video fails to demonstrate the vehicle at the scene was the vehicle registered to appellant.

{¶9} "Because a community control revocation hearing is not a criminal trial, the [s]tate does not have to establish a violation with proof beyond a reasonable doubt." *State v. Wolfson,* 4th Dist. Lawrence No. 03CA25, 2004-Ohio-2750, ¶7. Instead, when reviewing challenges to the state's evidence alleging a community control violation, an

4

appellate court reviews the evidence and evaluates whether the state presented substantial proof that a violation occurred. *State v. Brown*, 11th Dist. Lake Nos. 2020-L-002 and 2020-L-003, 2020-Ohio-5140, ¶69, citing *State v. Fears*, 5th Dist. Richland No. 17-CA-67, 2018-Ohio-1468, ¶17. This standard is highly deferential to the judgment of the trial court and is analogous to a preponderance of the evidence burden of proof. *Brown*, *supra.* Accordingly, "the state only has to introduce evidence tending to show that it was more probable than not that the probationer violated the terms of his or her probation." *State v. Stockdale*, 11th Dist. Lake No. 96-L-172, 1997 WL 663688, *3 (Sept. 26, 1997); *see, also, State v. Russell*, 11th Dist. Lake No. 2008-L-142, 2009-Ohio-3147, ¶7. Moreover, appellate courts should not second guess the court's credibility determinations, which are issues for the trier of fact. *Fears, supra.*

{¶10} Although appellant identifies evident problems in the state's case supporting revocation, the video of the incident, coupled with the detective's testimony and appellant's injuries, provides sufficient, credible evidence of the violations. The video depicts two men being shot, the victim and another individual. This individual ultimately tosses his firearm aside and limps into a vehicle, which resembles a Subaru Legacy. Appellant has a Subaru Legacy registered in his name and, according to the detective, appellant "responded to the hospital in the vehicle that's seen leaving the scene * * *." Even though the detective's statement assumes the vehicle appellant "responded to the hospital in" was the vehicle at the scene, the circumstantial evidence that appellant arrived at the hospital in a Subaru Legacy and was shot is probative of the ultimate issue, i.e., that appellant was one of two individuals shot at the scene and he possessed a firearm that he used to shoot the alleged victim.

5

{¶11} Moreover, although the detective did not testify to speaking with the individual identifying himself as appellant's brother-in-law, the court was free to believe that responding officers spoke with this person and his identification of appellant being at the scene was credible. Given the totality of the evidence, we therefore conclude that the state adduced substantial evidence to establish, by a preponderance of the evidence, that appellant (1) violated a law of the state of Ohio and (2) possessed a firearm, in violation of the conditions of his community control. Accordingly, the trial court did not err in terminating the same.

{¶12} Appellant's assignment of error lacks merit.

{¶13} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.

MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.