[Cite as *State v. Wright*, 2022-Ohio-2100.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2021-A-0029** |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| KYLE VAUGHN WRIGHT, JR., a.k.a. KYLE V. WRIGHT, JR., | Trial Court No. 2018 CR 00570 |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: June 21, 2022
Judgment: Affirmed

*Colleen M. O'Toole,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Michael A. Hiener,* P.O. Box 1, Jefferson, OH 44047 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Kyle Vaughn Wright, Jr., appeals from the judgment of the Ashtabula County Court of Common Pleas, finding him in violation of community control and imposing a 30-month term imprisonment. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no colorable issues for appeal and thus the matter is wholly frivolous. After considering the record, pursuant to *Anders*, *supra*, we agree with counsel, affirm the trial court, and grant counsel's motion to withdraw.

{¶2}     Appellant was indicted on one count of felonious assault, in violation of R.C. 2903.11(A)(1), a felony of the second degree; and one count of domestic violence, in violation of R.C. 2919.25(A), a misdemeanor of the first degree.  He pleaded not guilty to the charges.  Appellant, after being evaluated by experts, was found not competent to stand trial.  The trial court subsequently issued an order requiring appellant to undergo treatment in a facility for a period of one year for the purpose of restoring appellant to competency.  In February 2021, appellant was found competent to stand trial.

{¶3}     Appellant ultimately withdrew his plea of not guilty and entered a plea of guilty to one count of attempted felonious assault, a felony of the third degree, and one count of domestic violence, a misdemeanor of the first degree.  He was sentenced to a two-year period of community control.  Appellant was advised, inter alia, that if he violated any law or any condition of community control, the court could impose a prison term of up to 36 months for the attempted-felonious-assault conviction and 180 days incarceration for the domestic-violence conviction.  This judgment was not appealed.

{¶4}     On April 13, 2021, the trial court issued a judgment stating it had received information that appellant had cut off his electronic-monitoring device.  As a result, the court issued a capias warrant for appellant's arrest for violating supervision.  On May 14, 2021, a complaint for violation of probation was filed.  The court, after an initial hearing, concluded that it had probable cause to proceed with a final hearing on the complaint for violation.  After the final hearing, the court determined there was substantial, reliable evidence that appellant violated the terms of his community control by (1) failing to charge his electronic monitoring device twice per day, as ordered; and (2) by cutting off the device resulting in a "master tamper" alert.  He was sentenced to an aggregate term of 30 months

2

imprisonment, i.e., 30 months on the attempted-felonious-assault charge and 180 days on the domestic-violence charge, to be served concurrently with one another. From this judgment, appellant appeals and counsel has filed a brief pursuant to *Anders*, *supra*.

{¶5} In *Anders*, *supra*, the United States Supreme Court held that if appellate counsel, after a conscientious examination of the case, finds an appeal to be wholly frivolous, he or she should advise the court and request permission to withdraw. *Id.* at 744. This request to withdraw must be accompanied by a brief citing anything in the record that could arguably support an appeal. *Id.* Further, counsel must furnish his or her client with a copy of the brief and request to withdraw and give the client an opportunity to raise any additional items. *Id.* Once these requirements have been met, the appellate court must review the entire record to determine whether the appeal is wholly frivolous. *Id.* If the court finds the appeal is wholly frivolous, the court may grant counsel's motion to withdraw and proceed to a decision on the merits. *Id.* If, however, the court concludes the appeal is not frivolous, it must appoint new counsel for the client. *Id.*

{¶6} In his brief, counsel proposed the following potential assignment of error:

{¶7} "The trial court erred when it sentenced appellant to a term of 30 months incarceration."

{¶8} Counsel served a copy of his *Anders* brief on appellant and, as a result, appellant sent this court a letter. While the letter does not formally comply with this court's rules on briefing, it does claim that appellant wished to prosecute an appeal because the prosecutor allegedly "lied" to the trial court during the final hearing. According to appellant, the prosecutor falsely advised the court appellant assaulted his mother with the electronic monitoring device after it was removed. And, as such, he maintains the court

3

Case No. 2021-A-0029

was misled which caused it to impose a harsher sentence. Appellant therefore claims he is entitled to have the imposed sentence reduced. We shall address both counsel's and appellant's contentions separately.

{¶9} With respect to counsel's proposed assignment of error, we conclude the trial court did not err in imposing a 30-month term of imprisonment. The trial court, at appellant's original sentencing hearing, advised appellant that if he violated the terms of his community control, he could be sentenced up to 36 months on the felony-three and 180 days on the first-degree misdemeanor. The court elected to sentence appellant to 30 months total (running the 180-day term concurrently with the 30-month felony term). Pursuant to R.C. 2929.15(B)(3), if a defendant violates community control and the court chooses to impose a prison term, the prison term (1) must be within the range of prison terms set forth in R.C. 2929.14 for the offense for which community control was imposed, and (2) cannot exceed the prison term specified in the notice provided to the offender at the original sentencing hearing. Both prongs of the statute were met. We therefore discern no error in the trial court's imposition of appellant's sentence for violating the conditions of community control.

{¶10} Next, in his letter, appellant contends the prosecutor falsely alleged he struck his mother with the electronic monitor. He essentially asserts this statement was prejudicial and led to him receiving a harsher penalty. We do not agree.

{¶11} At the final hearing, appellant's probation officer, Maria Taylor testified that, at the time Ashtabula County Adult Probation received notification of the "master tamper" alert (i.e., that appellant cut the monitoring device off), he was living in Pennsylvania and being supervised through a Pennsylvania probation department. Upon contacting the

4

Pennsylvania officer, the Ashtabula department learned appellant's "mother had called and said that he cut his monitor off and then assaulted her with it." Thus, while the prosecutor elicited Ms. Taylor's answer, the prosecutor made no such statement regarding appellant striking his mother with the device. In this respect, appellant's assertion lacks merit.

{¶12} Regardless, the trial court did not mention the above aspect of Ms. Taylor's testimony in her judgment. Hence, we cannot conclude the statement that he struck his mother with the device (be it true or false) had any impact on the court's imposition of punishment. Appellant's argument therefore lacks merit.

{¶13} We shall next conduct an independent review of the record to determine whether any colorable issues for appeal exist.

{¶14} "[A] revocation of community control punishes the failure to comply with the terms and conditions of community control, not the specific conduct that led to the revocation." *State v. Black*, 2d Dist. Montgomery No. 24005, 2011-Ohio-1273, ¶17. Crim.R. 32.3, which governs revocation of community control, provides that the trial court "shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed."

{¶15} "Community control violation proceedings are not equivalent to criminal prosecutions." *Black, supra*, at ¶12. As a result, the full panoply of rights accorded a defendant in a criminal prosecution do not apply to the community-control revocation process. *See Morrisey v. Brewer*, 408 U.S. 471, 480 (1972). Nevertheless, a defendant is entitled to certain due process protections before a court may revoke community-

control sanctions. *See e.g. In re C.E.S.*, 11th Dist. Lake No. 2013-L-118, 2014-Ohio-4296, ¶18. First, a defendant is entitled to a preliminary hearing to determine whether there is probable cause to believe that the defendant has violated the terms of his or her community control. *State v. Sallaz*, 11th Dist. Trumbull No. 2003-T-0009, 2004-Ohio-3508, ¶38, citing *Gagnon v. Scarpelli*, 411 U.S. 778 (1973). Second, due process requires a final hearing to determine whether community control should be revoked. *Id.*

{¶16} The final revocation hearing is less summary in nature than the probable cause hearing because the decision under consideration is the actual revocation rather than a mere determination of probable cause. Therefore, due process requires: (a) written notice of the claimed violations of probation; (b) disclosure to the probationer of evidence against him; (c) an opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses; (e) a neutral and detached hearing body; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking probation. *Sallaz*, *supra*, *citing Gagnon*, *supra*, at 786.

{¶17} In this matter, the trial judge conducted both phases of the revocation process. At each phase, the judge fully explained appellant's due process rights and what they entail. Moreover, at the final hearing, appellant confirmed he received written notice of the alleged violations; he was advised he was entitled to disclosure of the evidence the state would use to prove the violations; he was advised of his right to be present and the right to offer witnesses and documentary evidence; he was advised of his right to confront and cross-examine witnesses called by the state; he was advised he was entitled to a neutral and detached hearing body to determine whether he violated community control; and he was advised that, once the court makes a finding on the ultimate issue, he is entitled to a written report regarding the evidence upon which the court relied and the reasons for revoking community control. Appellant confirmed he

6

understood his various rights and affirmed he wished to proceed with the final hearing. The trial court clearly comported with due process requirements at each stage of the revocation process.

{¶18} Next, Ms. Taylor testified that appellant was required to charge the electronic monitor to ensure he can be tracked. She stated, between February 2021 until April of 2021, the probation department traced 23 dead battery alerts, which translated into a total of 66 days that the device's battery was dead. And, as discussed above, on April 13, 2021, Ashtabula Adult Probation received a "master tamper" alert. After following up with Pennsylvania's probation department, Ashtabula probation was advised that appellant had cut the monitor off. Appellant's actions were contrary to his community control conditions, one of which was to remain on electronic monitoring and comply with monitoring rules.

{¶19} "When reviewing challenges to the state's evidence alleging a community control violation, an appellate court reviews the evidence and evaluates whether the state presented substantial proof that a violation occurred." *State v. Baldwin*, 11th Dist. Lake No. 2021-L-092, 2022-Ohio-757, ¶9. This standard is highly deferential to the judgment of the trial court and is analogous to a preponderance of the evidence burden of proof. *State v. Brown*, 11th Dist. Lake Nos. 2020-L-002 and 2020-L-003, 2020-Ohio-5140, ¶69. Accordingly, "'the state only has to introduce evidence tending to show that it was more probable than not that the probationer violated the terms of his or her probation.'" *Baldwin, supra*, quoting *State v. Stockdale*, 11th Dist. Lake No. 96-L-172, 1997 WL 663688, *3 (Sept. 26, 1997).

Case No. 2021-A-0029

{¶20} Under the circumstances, we conclude the state introduced sufficient, credible evidence to demonstrate that, more likely than not, appellant violated the terms of his community control. The trial court, accordingly, did not err in drawing the same conclusion.

{¶21} After an independent review of this matter, we conclude there are no arguable issues necessitating the appointment of new counsel. The appeal is wholly frivolous, and thus counsel's motion to withdraw is well taken and hereby granted.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.