[Cite as *State v. Pal*, 2021-Ohio-3706.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

RONALD D. PAL, JR.,

        Defendant-Appellant.

CASE NO. 2021-A-0007

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2020 CR 00297

**O P I N I O N**

Decided: October 18, 2021
Judgment: Affirmed

*Colleen M. O'Toole*, Ashtabula County Prosecutor, *Shelley M. Pratt*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Donald Gallick*, The Law Office of Donald Gallick LLC, 190 North Union Street, Suite 102, Akron, OH 44304 (For Defendant-Appellant).

MARY JANE TRAPP, P.J.

{¶1} Appellant, Ronald D. Pal, Jr. ("Mr. Pal"), appeals from the judgment entries of the Ashtabula County Court of Common Pleas finding him guilty of robbery and sentencing him to a prison term of 18 months.

{¶2} Mr. Pal's appellate counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that there are no non-frivolous issues for review. After an independent review of the record pursuant to *Anders*, we find that the appeal is wholly frivolous. Thus, we

grant counsel's motion to withdraw and affirm the judgment of the Ashtabula County Court of Common Pleas.

## Substantive and Procedural History

{¶3} In September 2020, the Ashtabula County Grand Jury indicted Mr. Pal on two felony counts: robbery, a felony of the third degree, in violation of R.C. 2911.02(A)(3) and R.C. 2911.02(B) (count one), and theft, a felony of the fifth degree, in violation of R.C. 2913.02(A)(1) and R.C. 2913.02(B)(2) (count two). Mr. Pal was arraigned and pleaded not guilty to the charges.

{¶4} Mr. Pal subsequently entered written and oral pleas of guilty to count one (robbery). In exchange, the state agreed to dismiss count two (theft) and recommend a sentence of community control sanctions.

{¶5} In December 2020, the trial court held a plea hearing and engaged in a colloquy with Mr. Pal pursuant to Crim.R. 11(C)(2). As a factual basis, the state indicated that on June 26 at Walmart in Ashtabula Township, a loss prevention officer confronted Mr. Pal for suspected shoplifting. When confronted, Mr. Pal shoved the officer out of the way, fled the store, and left in a vehicle. The sheriff's department subsequently stopped the vehicle and found approximately $1,200 worth of stolen merchandise.

{¶6} The trial court accepted Mr. Pal's plea of guilty, found him guilty, and ordered a presentence investigation and report. The trial court subsequently filed a judgment entry finding Mr. Pal guilty of count one (robbery) and dismissing count two (theft).

{¶7} In February 2021, the trial court held a sentencing hearing, during which it heard from counsel and Mr. Pal. The trial court noted that it had reviewed the presentence

2

report, which indicated Mr. Pal had committed six theft offenses within 12 months; he had four separate probation officers; and he had previously been banned from all Walmart and Sam's Club properties due to previous theft offenses.

{¶8} The trial court stated that it had considered the purposes and principles of felony sentencing as well as the recidivism and seriousness factors. The trial court found that recidivism appeared likely. The court found that the "more serious" factors overrode the "less serious" factors because Mr. Pal shoved a security officer.

{¶9} While the trial court noted that the state had recommended a sentence of community control sanctions, it found the situation to constitute a "rare case" in which "a term of community control would demean the seriousness of the offense and would not adequately protect the public from future crimes." However, the trial court considered that Mr. Pal had accepted responsibility for his offense and had acknowledged his conduct to justify a lesser sentence than the maximum penalty of 36 months in prison.

{¶10} Accordingly, the trial court sentenced Mr. Pal to 18 months in prison, with credit for five days, and court costs. It also notified Mr. Pal that he was subject to three years of mandatory post-release control.

{¶11} The trial court subsequently filed a judgment entry memorializing Mr. Pal's guilty plea and sentence.

{¶12} Mr. Pal filed a notice of appeal. His appellate counsel filed a brief pursuant to *Anders*, *supra*, asserting that there were no non-frivolous issues for review and a motion to withdraw. Appellate counsel also set forth the following potential assignment of error:

3

{¶13} "The trial court abused its discretion in disregarding the agreed recommendation for community control and imposing a term of eighteen months of incarceration."

{¶14} In *Anders*, the Supreme Court of the United States held that if appellate counsel, after a conscientious examination of the record, finds an appeal to be wholly frivolous, he or she should advise the court and request permission to withdraw. *Id.* at 744. This request to withdraw must be accompanied by a brief citing anything in the record that could arguably support an appeal. *Id.* Further, counsel must furnish his or her client with a copy of the brief and the request to withdraw and give the client an opportunity to raise any additional issues. *Id.* Once these requirements have been met, the appellate court must review the entire record to determine whether the appeal is wholly frivolous. *Id.* If the court finds the appeal wholly frivolous, the court may grant counsel's motion to withdraw and proceed to a decision on the merits. *Id.* If, however, the court concludes the appeal is not frivolous, it must appoint new counsel for the client. *Id.*

{¶15} This court issued a judgment entry granting Mr. Pal 30 days to file his own submission if he so chose. Mr. Pal did not file his own submission. Accordingly, we proceed to conduct an independent review of the record pursuant to *Anders*.

### Standard of Review

{¶16} A "frivolous" appeal pursuant to *Anders* is "one that presents issues lacking in arguable merit." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. "An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id.*

4

## Law and Analysis

{¶17} As a potential assignment of error, appellate counsel suggests that the trial court erred in disregarding the parties' agreed recommended sentence of community control sanctions and instead imposing a prison sentence of 18 months.

{¶18} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * [t]hat the sentence is * * * contrary to law." R.C. 2953.08(G)(2)(b).

{¶19} After an independent examination, we find that no responsible contention can be made that Mr. Pal's sentence is clearly and convincingly contrary to law.

{¶20} This court has recognized that "a court is not bound to accept the prosecution's recommended sentence as part of a negotiated plea agreement." *State v. Mayle*, 11th Dist. Ashtabula No. 2002-A-0110, 2004-Ohio-2203, ¶ 4. While Crim.R. 11(C)(2)(a) requires the court to inform a defendant of the "maximum penalty involved" before accepting the defendant's plea, the rule "'does not contemplate that punishment will be a subject of plea bargaining.'" *Id.*, quoting *State v. Mathews*, 8 Ohio App.3d 145, 146, 456 N.E.2d 539 (10th Dist.1982). Rather, punishment is "'a matter either determined expressly by statute or lying with the sound discretion of the trial court.'" *Id.*, quoting *Mathews* at 146.

5

Case No. 2021-A-0007

{¶21} At the plea hearing, the trial court expressly informed Mr. Pal that it was not required to follow the state's recommendation, and it notified him of the potential sentences it could impose.

{¶22} At the sentencing hearing, the trial court expressly stated that it considered the purposes and principles of felony sentencing. *See* R.C. 2929.11(A) and (B). Although not required to do so, the trial court made specific findings regarding the seriousness and recidivism factors and fully articulated its rationale for departing from the state's recommendation. *See* R.C. 2929.12(A)-(E). Finally, the 18-month prison term that the trial court imposed was well within the permitted statutory range for a felony of the third degree. *See* R.C. 2929.14(A)(3)(a) (authorizing a definite prison term of 9, 12, 18, 24, 30, or 36 months).

{¶23} Accordingly, the potential assignment of error is without merit.

{¶24} After an independent review of the record, we conclude that the instant appeal is wholly frivolous. Counsel's motion to withdraw is granted, and the judgment of the Ashtabula County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.