[Cite as *State v. Watters*, 2022-Ohio-4060.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

GEORGE F. WATTERS, JR.,

        Defendant-Appellant.

CASE NO. 2022-T-0015

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2021 CR 00662

**O P I N I O N**

Decided: November 14, 2022
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Katherine E. Rudzik*, 26 Market Street, #904, Youngstown, OH 44503 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, George F. Watters, Jr., appeals his conviction for Aggravated Possession of Methamphetamine following a jury trial in the Trumbull County Court of Common Pleas. For the following reasons, the conviction is affirmed.

{¶2} On October 7, 2021, the Trumbull County Grand Jury returned an Indictment against Watters charging him with Aggravated Possession of Methamphetamine, a felony of the fifth degree in violation of R.C. 2925.11(A) and (C)(1)(a).

{¶3} On February 1, 2022, the case was tried before a jury. The following testimony was presented at trial:

{¶4} Detective Adam Gilger of the Warren City Police Department testified that, on October 12, 2020, he observed a pickup truck on Palmyra Road fail to signal when turning. Gilger ran the truck's license plate through his MDT (mobile data terminal) and learned that the owner of the vehicle had an expired driver's license. Gilger stopped the truck on Southwest Boulevard. Watters was the owner and driver of the truck and there was a female passenger, Heather Parker.

{¶5} As Detective Gilger approached the vehicle, he observed that Parker "had a large bag on her lap and * * * she was reaching into [it] * * * and move[d] it to the floor," while Watters was "reaching towards the center console." Gilger kept his "eyes on her the whole time" thinking she might have a weapon. When she pulled her (right) hand from the bag, it was empty.

{¶6} Gilger described Watters as sweating and shaking, "making weird movements that didn't really make too much sense." Parker had a warrant out for her arrest and she was removed from the vehicle. Because Watters' license was expired Gilger decided to tow the truck. While conducting an inventory search of the vehicle, he discovered "a meth pipe in between the driver's seat and the console stuffed * * * tightly between the seat." Gilger also found a bag of methamphetamine on a shelf underneath the radio in the center console. There was a pack of cigarettes on top of the bag of methamphetamine. Watters was smoking during the stop.

{¶7} Watters testified that, on the night in question, he had picked up Parker, his "girlfriend-kind of," at her friend's house and was driving her home. He denied having any

2

methamphetamine in his possession. He was aware that Parker had a large bag, but did not pay much attention to anything she did.

{¶8} The jury found Watters guilty of Aggravated Possession of Methamphetamine.

{¶9} Watters' sentencing hearing was held on February 18, 2022. The trial court sentenced him to one year in prison. Watters' sentence was memorialized in a February 22, 2022 Entry on Sentence.

{¶10} On March 2, 2022, Watters filed a Notice of Appeal. Counsel for Watters subsequently filed an Anders Brief and Motion to Withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that she could "find no error by the trial court prejudicial to the rights of appellant." Counsel requested this court "review the following potential assignments of error: (1) whether the trial court erred by imposing the maximum prison sentence; and (2) whether the verdict was against the weight and sufficiency of the evidence."

{¶11} Under *Anders*, appellate counsel must conduct a conscientious examination of the case and, if the appeal is found to be wholly frivolous, counsel should so advise the court and request permission to withdraw. "A 'frivolous' appeal pursuant to *Anders* is 'one that presents issues lacking in arguable merit.'" (Citation omitted.) *State v. Pal*, 11th Dist. Ashtabula No. 2021-A-0007, 2021-Ohio-3706, ¶ 16. "'An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal.'" (Citation omitted.) *Id.* The appellant is furnished with a copy of the *Anders* brief and given the opportunity to raise additional issues. Thereafter, this court must review the entire record to determine whether the appeal is wholly

3

frivolous. If this court is unable to find issues of arguable merit, the decision is affirmed on the merits and counsel is allowed to withdraw. *State v. Wright*, 11th Dist. Ashtabula No. 2021-A-0029, 2022-Ohio-2100, ¶ 5.

{¶12} Watters has not raised additional issues for review. Accordingly, we will proceed to consider counsel's proposed assignments of error.

{¶13} In the first proposed assignment, counsel proposed that this court review the sentence imposed. Watters received a one-year prison sentence, the maximum potential sentence for a felony of the fifth degree. R.C. 2929.14(A)(5).

{¶14} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence * * * if it clearly and convincingly finds * * * [t]hat the sentence is * * * contrary to law." R.C. 2953.08(G)(2)(b). Presently in Ohio, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are [not] required to make findings or give their reasons for imposing maximum * * * or more than the minimum sentences." (Citation omitted.) *State v. Vieira*, 11th Dist. Lake No. 2021-L-110, 2022-Ohio-1636, ¶ 12.

{¶15} In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, the Ohio Supreme Court held that the phrase "contrary to law" meant, at the time of R.C. 2953.08's enactment, a sentence "in violation of statute or legal regulations at a given time." (Citation omitted.) *Id.* at ¶ 34. The Court noted that, since R.C. 2953.08's enactment, none of the amendments to the statute have "materially changed R.C. 2953.08(G)(2)" with respect to the phrase "otherwise contrary to law." *Id.* at ¶ 37. In *State v. Bryant*, __ Ohio St.3d __, 2022-Ohio-1878, __ N.E.3d __, the Court clarified that, "when a trial court imposes a sentence based on factors or considerations that are extraneous

4

to those [seriousness and recidivism factors] that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law." *Id.* at ¶ 22.

**{¶16}** Watters' sentence is within the statutory range for a fifth-degree felony. The only indication given by the trial court as to its reasoning for imposing the sentence it did was the recollection that, at trial, Watters "attempted to blame somebody other than [himself] for the drugs involved in this case." This consideration is not extraneous to the factors contained in R.C. 2929.11 and 2929.12. *Compare* R.C. 2929.12(D)(5) ("[t]he offender shows no genuine remorse for the offense"). We find no grounds for challenging Watters' sentence.

**{¶17}** Counsel also requested review of the sufficiency and manifest weight of the evidence supporting Watters' conviction. A challenge to the sufficiency of the evidence raises the issue of "whether the evidence is legally sufficient to support the jury verdict as a matter of law." *State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, 108 N.E.3d 1, ¶ 165. In reviewing the sufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

**{¶18}** In contrast to sufficiency, "weight of the evidence addresses the evidence's effect of inducing belief." (Citation omitted.) *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 25. An appellate court must consider all the evidence in the record, the reasonable inferences, the credibility of the witnesses, and whether, "in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest

5

miscarriage of justice that the conviction must be reversed and a new trial ordered." (Citation omitted.) *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶19} In order to convict Watters of Aggravated Possession of Methamphetamine, the State had to prove, beyond a reasonable doubt, that he "knowingly * * * possess[ed]" methamphetamine.[1]   R.C. 2925.11(A).   The only material issue at trial was whether Watters possessed the methamphetamine recovered from his truck.

{¶20} Possession is defined as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."  R.C. 2925.01(K). "Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession."  (Citation omitted.)  *State v. Perry*, 11th Dist. Lake No. 2021-L-005, 2021-Ohio-2183, ¶ 27.  "The discovery of readily accessible drugs in close proximity to the accused constitutes circumstantial evidence that the accused was in constructive possession of the drugs."  (Citation omitted.)  *State v. Mickey*, 12th Dist. Clermont Nos. CA2019-07-055 and CA2019-07-056, 2020-Ohio-1432, ¶ 27.

{¶21} In the present case, there was sufficient evidence to establish Watters' constructive possession of the methamphetamine by virtue of the location of the drug in the console of his truck where he was able to exercise ready dominion and control over it.  *State v. Meddock*, 2017-Ohio-4414, 93 N.E.3d 43, ¶ 59 (4th Dist.) (although "[a] defendant's mere presence in an area where drugs are located does not conclusively

---

1. The weight and identity of the methamphetamine recovered from Watters' truck were stipulated to at trial.

6

establish constructive possession, * * * readily usable drugs found in very close proximity to a defendant may constitute circumstantial evidence and support a conclusion that the defendant had constructive possession") (citation omitted).

{¶22} Moreover, the evidence weighed heavily in favor of the jury's finding that Watters knowingly exercised ready dominion and control over the methamphetamine. There was a pipe used for smoking methamphetamine found between the driver's seat and the console dividing the driver's seat from the passenger's seat. Detective Gilger observed Watters "touching that exact area" where the methamphetamine was found whereas Parker's hand was inside her bag and he did not see her remove anything from the bag. Parker was also removed from the truck first so that, from the time the stop was initiated, she was never alone in the truck. Finally, Watters was smoking a cigarette during the stop and his package of cigarettes was lying on top of the methamphetamine. Moreover, we note that Watters need not be the owner or the source of the methamphetamine in order for his conviction to be sustained. That is, the methamphetamine could have belonged to Parker and Watters still would have been found guilty if the jury believed he knowingly exercised dominion and control over it. *State v. Fester*, 2021-Ohio-410, 167 N.E.3d 1021, ¶ 58 (12th Dist.) ("[t]wo or more persons may have possession of an object together if they have the ability to control it, exclusive of others") (citation omitted).

{¶23} Accordingly, we find no grounds for challenging Watters' conviction based on the sufficiency or manifest weight of the evidence.

{¶24} Finally, as part of this court's duty to review the entire record, we will consider briefly the possibility that Watters received ineffective assistance of counsel

7

resulting from counsel's failure to challenge the stop and seizure of the truck and/or counsel's trial performance.

{¶25} The legitimacy of the stop cannot be reasonably disputed as Detective Gilger observed a traffic violation (failure to signal) and determined that the vehicle's owner did not have a valid license. *State v. Lewis*, 11th Dist. Geauga No. 2021-G-0034, 2022-Ohio-3006, ¶ 19 ("[s]everal appellate districts in Ohio have held that an officer has reasonable suspicion to conduct a stop when he determines the license plate is registered to a person who is not permitted to drive"); *State v. Powell*, 3d Dist. Auglaize No. 2-21-20, 2022-Ohio-882, ¶ 10 ("the failure to activate a turn signal * * * is a traffic violation that provides a law enforcement officer 'with legal justification to initiate a traffic stop'") (citation omitted).

{¶26} Nor is there reason to believe that a challenge to the inventory search of the vehicle would have had a reasonable chance of success. "[A] routine inventory search of a lawfully impounded vehicle is not unreasonable within the meaning of the Fourth Amendment when performed pursuant to standard police practice and when the evidence does not demonstrate that the procedure involved is merely a pretext for an evidentiary search of the impounded vehicle." *Blue Ash v. Kavanagh*, 113 Ohio St.3d 67, 2007-Ohio-1103, 862 N.E.2d 810, ¶ 11. Here, neither Watters nor Parker had valid driver's licenses and the vehicle could not be left on a public roadway. *Compare* Warren Codified Ordinance 303.08(a)(1) and (9) ("[p]olice officers are authorized to provide for the removal of a vehicle * * * [w]hen any vehicle is left unattended upon any street" and "[w]hen any vehicle has been operated by any person who is driving without a lawful license or while his license has been suspended or revoked"). Detective Gilger described the inventory

Case No. 2022-T-0015

search as attendant upon the decision to tow a vehicle. The methamphetamine was discovered in a part of the truck typically encompassed within the scope of an inventory search. *State v. Mesa*, 87 Ohio St.3d 105, 110, 717 N.E.2d 329 (1999) ("consoles * * * are areas of a vehicle that are normally part of a standard inventory search").

{¶27} With respect to the evidence presented at trial, the only witness to testify on behalf of the State was Detective Gilger. He testified to his own actions and observations in the course of the traffic stop. The evidence admitted at trial consisted of the video from Gilger's dashcam, the methamphetamine, the methamphetamine pipe, and a stipulated laboratory report from the Bureau of Criminal Investigation confirming the identity and weight of the methamphetamine recovered from the truck. There were no trial issues meriting appeal.

{¶28} Having independently reviewed the record, we conclude that the present appeal is wholly frivolous. Counsel's motion to withdraw is granted, and the Judgment of the Trumbull County Court of Common Pleas is affirmed.

MARY JANE TRAPP, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2022-T-0015