[Cite as *State v. Manyo*, 2023-Ohio-267.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,

      Plaintiff-Appellee,

- vs -

JOHN A. MANYO, SR.,

      Defendant-Appellant.

**CASE NO. 2022-A-0058**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2018 CR 00811

**O P I N I O N**

Decided: January 30, 2023
Judgment: Affirmed

*Colleen M. O'Toole*, Ashtabula County Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Michael J. Ledenko*, Assistant Public Defender, 22 East Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, John A. Manyo, Sr., appeals his convictions and/or sentences for Abduction and Domestic Violence, in the Ashtabula County Court of Common Pleas. For the following reasons, the judgment of the lower court is affirmed.

{¶2} On May 31, 2022, Manyo entered a plea of guilty, by way of *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.E.2d 162 (1970), to Abduction, a felony of the third degree in violation of R.C. 2905.02(A)(2) and (C), and Domestic Violence, a felony of the fourth degree in violation of R.C. 2919.25(A) and (D)(3). In exchange for entering a guilty plea, the State dismissed charges for Kidnapping and Felonious Assault.

Furthermore, the State adopted the following position with respect to sentencing: "Court costs, recommend CCS with restrictions such as specialized courts, substance abuse counseling." The trial court advised Manyo that it was not bound by the recommended sentence.

{¶3} At the plea colloquy, the trial court advised Manyo that "it's usually necessary for the person to admit that they have committed the crime," but "a limited exception exists under the *Alford* doctrine where the defendant does not have to admit guilt * * * but enters a plea of guilty and will be found guilty." The court determined that Manyo wished to enter a plea of guilty by way of *Alford* in order to avoid the consequences of trial and the potential penalties.

{¶4} The trial court advised Manyo that postrelease control was discretionary for a period of up to two years.

{¶5} The State provided the following factual basis for the plea:

> This is from a statement that the victim * * * gave to the Ashtabula Police. This was December 15th, 2018, in the City of Ashtabula, County of Ashtabula, State of Ohio. "John came over at 10 p.m. with lots of anger and energy and started saying that another guy was in my house. There was not. He said you better tell me or I'll cut your pinkie off. He repeatedly poked my leg with his knife. Held the knife to my temple, and said he was going to slide it into my neck. All the while I was holding our two-year-old daughter and my six-year-old sleeping right next to me on the couch. He took the clock off the wall, because he said I kept looking at it and hit me in the head with it at least" – I thought I had the rest of that page, which I apologize – but he proceeded then to hold [the victim] and the children for several hours. Then afterwards, she went to Ashtabula hospital where then the defendant was apprehended by police there, based on things that [the victim] had said to them and also admissions he made to the police, regarding domestic violence and abduction.

{¶6} The State acknowledged that the victim did not wish the prosecution of Manyo to go forward.

2

Case No. 2022-A-0058

{¶7} On June 27, 2022, a sentencing hearing was held. The trial court advised Manyo that it had misinformed him about postrelease control in his case. Rather than being discretionary for up to a period of two years, "the correct post-release control time is a mandatory period of at least one year, but no more than three years." The court determined that Manyo understood the correct period of postrelease control and had Manyo and the attorneys sign an amended Written Plea of Guilty and Plea Agreement reflecting the correct period of postrelease control. The court proceeded to sentencing without objection.

{¶8} The State recommended that Manyo receive a community control sanction that included "some type of sentence at NEOCAP."

{¶9} Before imposing sentence, the trial court addressed Manyo:

The Court notes that you do have a prior criminal record at the adult level * * *. However, this is the first felony conviction here, * * * and you have not been to prison in the past. You have a moderate ORAS [Ohio Risk Assessment System] score, as mentioned by your counsel. Now, you didn't show up here in this case, it looks like on June 26th, 2019[1]. At that time the Court issued a warrant for your arrest, based upon a State motion and you were picked up on that warrant [on] May 6th of 2022. So about two and a half years there was a warrant that existed for you. * * * And the concern here, Mr. Manyo, that the Court has is [that you are] not responding favorably to sanctions that were previously imposed and then you continue to commit crime. * * * The Court also understands that per the plea agreement and as stated here, the victim in this matter did want this case to be dismissed, but the State chose to move forward and the Court further notes that there was a prior Domestic Violence conviction with the same victim and [a] no contact order was previously imposed with the same victim. These are serious crimes. The Court further understands that the State and the defense are jointly recommending community control [sanctions] to the Court. * * * However, for the reasons that the Court placed on the record here today, the Court is not going to follow the joint recommendation.

_____

1. On June 26, 2019, the trial court revoked Manyo's bond on the State's motion for violating a no contact order with the victim. Manyo subsequently failed to appear for status and show cause hearings.

3

Now, the Court further finds that community control would demean the seriousness of the conduct in this case and its impact upon the victim and would not adequately protect the public. Therefore, a sentence of imprisonment is commensurate with the seriousness of the defendant's conduct and a prison sentence does not place an unnecessary burden on the State.

{¶10} The trial court then imposed a prison term of twenty-four months for Abduction and a concurrent prison term of sixteen months for Domestic Violence.

{¶11} On June 28, 2022, the sentencing court issued a written sentencing Judgment Entry.

{¶12} On July 22, 2022, Manyo filed a Notice of Appeal.

{¶13} On October 27, 2022, counsel for Manyo filed a Motion to Withdraw as Appellate Counsel and *Anders* Brief. Counsel's Motion to Withdraw stated: "Counsel has thoroughly and conscientiously reviewed the record and relevant case law in this matter. It is Counsel's opinion that this appeal is wholly frivolous pursuant to the *Anders* brief filed with this Court. Counsel seeks leave to withdraw."

{¶14} Under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), appellate counsel must conduct a conscientious examination of the case and, if the appeal is found to be wholly frivolous, counsel should so advise the court and request permission to withdraw. "A 'frivolous' appeal pursuant to *Anders* is 'one that presents issues lacking in arguable merit.'" (Citation omitted.) *State v. Pal*, 11th Dist. Ashtabula No. 2021-A-0007, 2021-Ohio-3706, ¶ 16. "'An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal.'" (Citation omitted.) *Id.* The appellant is furnished with a copy of the *Anders* brief and given the opportunity to raise additional issues. Thereafter, this court must review the entire record to determine whether the appeal is wholly frivolous. If this court

4

is unable to find issues of arguable merit, the decision is affirmed on the merits and counsel is allowed to withdraw. *State v. Wright*, 11th Dist. Ashtabula No. 2021-A-0029, 2022-Ohio-2100, ¶ 5.

{¶15} Manyo has not raised additional issues for review. Accordingly, we will proceed to consider counsel's proposed assignment of error: "The trial court erred in imposing a prison sentence on defendant-appellant, John Manyo, instead of community control sanctions as recommended by both the State of Ohio and Mr. Manyo's trial counsel."

{¶16} When sentencing a defendant for a third-degree felony or a fourth-degree felony that is an offense of violence such as are at issue in the present case, "the trial court has discretion to impose either a prison term under R.C. 2929.14 or community-control sanctions under R.C. 2929.15." *State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d 164, ¶ 16; R.C. 2929.13(C) (third degree felonies) and (B)(1)(a) (fourth degree felonies that are not offenses of violence); R.C. 2901.01(A)(9)(a) (defining offenses of violence). "In exercising its discretion to impose either a prison term or community-control sanctions for an offense, the trial court must consider the overriding purposes of felony sentencing under R.C. 2929.11 and the aggravating and mitigating factors enumerated in R.C. 2929.12." *Hitchcock* at ¶ 17; R.C. 2929.13(C) and (B)(2). Presently in Ohio, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are [not] required to make findings or give their reasons for imposing maximum * * * or more than the minimum sentences." (Citation omitted.) *State v. Vieira*, 11th Dist. Lake No. 2021-L-110, 2022-Ohio-1636, ¶ 12.

5

{¶17} "A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial-court record, including any oral or written statements and presentence-investigation reports." *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 20. "Although a court imposing a felony sentence must consider the purposes of felony sentencing under R.C. 2929.11 and the sentencing factors under R.C. 2929.12, 'neither R.C. 2929.11 nor 2929.12 requires [the] court to make any specific factual findings on the record." (Citation omitted.) *Id.*

{¶18} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence * * * if it clearly and convincingly finds * * * [t]hat the sentence is * * * contrary to law." R.C. 2953.08(G)(2)(b). In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, the Ohio Supreme Court held that the phrase "contrary to law" meant, at the time of R.C. 2953.08's enactment, a sentence "in violation of statute or legal regulations at a given time." (Citation omitted.) *Id.* at ¶ 34. The Court noted that, since R.C. 2953.08's enactment, none of the amendments to the statute have "materially changed R.C. 2953.08(G)(2)" with respect to the phrase "otherwise contrary to law." *Id.* at ¶ 37. In *Bryant*, the Court clarified that, "when a trial court imposes a sentence based on factors or considerations that are extraneous to those [seriousness and recidivism factors] that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law." *Id.* at ¶ 22.

{¶19} In the present case, the trial court imposed prison terms – twenty-four months for Abduction and sixteen months for Domestic Violence – within the statutory ranges for third- and fourth-degree felonies. R.C. 2929.14(A)(3)(b) (nine to thirty-six months for a third-degree felony) and (A)(4) (six to eighteen months for a fourth-degree

6

felony). The trial court's exercise of its discretion in imposing these terms was not contrary to law inasmuch as the sentences were statutorily authorized and were not based on factors or considerations extraneous to those set forth in R.C. 2929.11 and 2929.12.

{¶20} Furthermore, we find no error in the trial court's decision to impose prison terms rather than community control sanctions as recommended by both counsel for Manyo and the prosecutor for the State. It is well-established that "trial courts may reject plea agreements and that they are not bound by a jointly recommended sentence." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 28. "A trial court does not err by imposing a sentence greater than 'that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor.'" (Citation omitted.) *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 6.

{¶21} In the present case, Manyo was duly forewarned that the trial court would not be bound by the jointly recommended sentence. The Written Plea of Guilty and Plea Agreement stated: "I understand that any recommendation of sentence to the Court by the State is not binding in any way on the Court and that any sentence to be imposed is in the sole discretion of the Court." Similarly, Manyo was advised during the plea colloquy that "the Court is not bound to any agreed sentence between you and the State of Ohio."

{¶22} Accordingly, we find no error in the trial court's decision to impose a prison term instead of community control sanctions. The proposed assignment of error is without merit.

7

**{¶23}** As part of this court's duty to review the entire record, we will consider the validity of Manyo's plea. *State v. Garcia*, 11th Dist. Ashtabula Nos. 2020-A-0034 and 2020-A-0035, 2021-Ohio-4480, ¶ 18, citing *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996) ("[i]n order to enter a valid plea in a criminal case under the United States and Ohio Constitutions, 'the plea must be made knowingly, intelligently, and voluntarily'").

**{¶24}** The Ohio Supreme Court has often emphasized that "[t]he best way to ensure that pleas are entered knowingly and voluntarily is simply to follow the requirements of Crim.R. 11 when deciding whether to accept a plea agreement." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29. The essential requirements for accepting a plea in a felony case are: "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or the for the imposition of community control sanctions at the sentencing hearing"; "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence"; and "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilty beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Crim.R. 11(C).

8

**{¶25}** The trial court in the present case fully complied with the Rule's requirements except that it misinformed Manyo that postrelease control was discretionary for up to two years rather than mandatory for a period of one to three years. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22 ("[b]ecause the trial court failed, before it accepted the guilty plea, to inform the defendant of the mandatory term of postrelease control, which was a part of the maximum penalty, the court did not meet the requirements of Crim.R. 11(C)(2)(a)"). While the court failed to comply fully with the dictates of Rule 11, there is no arguable merit in the position that the plea was thereby invalid.

**{¶26}** Under the traditional rule, "a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 16. "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id.*, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). An exception to the prejudice requirement was established in *Sarkozy*: "a trial court's *complete* failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." *Id.* at ¶ 15. The rule in *Sarkozy* applies to non-constitutional aspects of the plea colloquy, such as the requirement that the defendant understand the maximum penalty involved. *Id.* at ¶ 23 ("the maximum-penalty advisement is not a constitutional requirement"). However, in order to obviate the need to show prejudice, the failure to comply with some aspect of Criminal Rule 11 must be complete.

9

{¶27} Like the present case, *Sarkozy* involved the term of postrelease control that could be imposed as part of the maximum penalty. Unlike the present case, the trial court in *Sarkozy* failed to make any advisement regarding postrelease control, and so the failure to comply was deemed complete. The *Sarkozy* court was explicit in this regard: "[W]e find that there was no compliance with Crim.R. 11. The trial court did not merely misinform Sarkozy about the length of his term of postrelease control. Nor did the court merely misinform him as to whether postrelease control was mandatory or discretionary. Rather, the court failed to mention postrelease control at all during the plea colloquy." *Sarkozy* at ¶ 22. Since the trial court in the present case did mention postrelease control but misinformed Manyo regarding the length of the term and its mandatory nature, the rule of *Sarkozy* obviating the need to demonstrate prejudice does not apply.

{¶28} Under the facts of the present case, there is no colorable basis on which to argue that Manyo would not have entered his plea had the trial court properly advised him regarding postrelease control at the plea colloquy. Prior to sentencing, the court explained the error to Manyo, determined that trial counsel had also explained the error, and presented him with an Amended Written Plea of Guilty and Plea Agreement which he initialed. Only then did the court proceed to sentencing. In finding a lack of arguable merit in a challenge to the validity of Manyo's plea, we are not holding that a trial court may cure a deficiency in the plea colloquy by later presenting the defendant with an amended or corrected written agreement. Nor are we holding that a defendant waives the right to challenge his plea if he fails to object or challenge the plea at sentencing. We are holding that, on the face of the record before us, there are no arguable grounds on which to claim that Manyo was prejudiced by the misinformation regarding postrelease

10

control. *Dangler* at ¶ 24 ("[p]rejudice must be established '"on the face of the record"'") (citations omitted).

{¶29} Finally, we briefly consider the validity of Manyo's *Alford* plea. "A plea entered pursuant to *Alford* is a plea that permits a defendant to plead legal guilt, yet maintain his or her factual innocence." *State v. Bilicic*, 11th Dist. Ashtabula No. 2017-A-0066, 2018-Ohio-5377, ¶ 7. "Before accepting an *Alford* plea, '[t]he trial judge must ascertain that notwithstanding the defendant's protestations of innocence, he has made a rational calculation that it is in his best interest to accept the plea bargain offered by the prosecutor.'" (Citation omitted.) *Id.*

{¶30} In the present case, the trial court ascertained that Manyo wished to enter an *Alford* plea because he feared the consequences of trial and the potential for greater penalties. Accordingly, we find that the requirements for entering an *Alford* plea were satisfied.

{¶31} There are no issues with respect to the guilty plea by way of *Alford* meriting appeal.

{¶32} Having independently reviewed the record, we conclude that the present appeal is wholly frivolous. Counsel's motion to withdraw is granted, and the judgment of the Ashtabula County Court of Common Pleas is affirmed.

JOHN J. EKLUND, P.J.,

MARY JANE TRAPP, J.,

concur.

Case No. 2022-A-0058