[Cite as *State v. Cancilla*, 2024-Ohio-5870.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO,<br>CITY OF CONNEAUT, | CASE NO. 2024-A-0062 |
| Plaintiff-Appellee, | Criminal Appeal from the<br>Conneaut Municipal Court |
| - vs - | |
| JEFFREY EDWARD CANCILLA, | Trial Court No. 2024 TRC 00246 |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: December 16, 2024
Judgment: Affirmed

*John D. Lewis*, Law Director, City of Conneaut, 294 Main Street, Conneaut, OH 44030 (For Plaintiff-Appellee).

*Margaret Brunarski*, Ashtabula County Public Defender, and *Michael J. Ledenko*, Assistant Public Defender, 22 East Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Jeffrey Cancilla, appeals his conviction and/or sentence for OVI in the Conneaut Municipal Court. For the following reasons, we affirm the judgment of the court below.

{¶2} On May 29, 2024, Cancilla entered a plea of no contest to OVI, a misdemeanor of the first degree in violation of Conneaut Municipal Ordinance 333.01(a)(1)A. At the plea hearing, the prosecutor proffered the following explanation of circumstances:

The stop that led to this charge took place on April 20th of this year. Officers were dispatched to the Dollar Tree store here in Conneaut, advised by employees that there was a male dressed in a camouflage hoody pacing around the back of the store and seemed to be under the influence of drugs. They saw that individual … leave the store in a blue Toyota sedan. He left the building heading south on State Route 7.

Officers then responded to the Dollar Tree store to speak to those employees, and one of the officers went to Love's Travel Center in light of the fact that the car was heading south on State Route 7. They encountered the vehicle there described by the Dollar Tree employees. They encountered Mr. Cancilla, who matched the description given by those Dollar Tree employees. Mr. Cancilla admitted that he had driven the vehicle there, the blue Toyota sedan, and that the car was parked there in front of the store.

When officers encountered him, … they also surmised that he was under the influence of something, so field sobriety tests were administered to Mr. Cancilla. He failed - - did not perform well on those field sobriety tests and was placed under arrest for OVI at that time. He refused any further testing as far as breath test or anything else, or a blood test or a urine test.

{¶3} Counsel for Cancilla qualified the prosecutor's explanation as follows:

Your Honor, I will say that it is my understanding that he did not refuse the urine test; that he was unable to produce. He did want to take the urine test. He just could not produce the necessary amount for it to be tested.

{¶4} The municipal court proceeded to sentence Cancilla to 180 days in the Conneaut City Jail with 175 days suspended and 5 years of unsupervised Community Control. The court imposed a fine of $375 and costs and suspended Cancilla's license for 2 years.

{¶5} On July 17, 2024, Cancilla filed a Notice of Appeal.

{¶6} On August 20, 2024, counsel for Cancilla filed a Motion to Withdraw as Appellate Counsel and Brief of Defendant-Appellant Pursuant to *Anders v. California*. As grounds for withdrawal, counsel asserted that he "has thoroughly and conscientiously

2

Case No. 2024-A-0062

reviewed the record and relevant case law" and is of the opinion "this appeal is wholly frivolous."

{¶7} *Anders v. California*, 386 U.S. 738 (1967), "permit[s] an attorney who, after conscientious examination of the record, concludes that a criminal appeal is wholly frivolous to so advise the court and request permission to withdraw, provided that his request is accompanied with a brief identifying anything in the record that could arguably support the client's appeal." (Citation omitted.) *State v. Moore*, 2016-Ohio-8288, ¶ 18. After the appellant is given the opportunity to raise additional issues supplementing the *Anders* brief, the court of appeals "must review the entire record to determine whether the appeal is wholly frivolous." *State v. Manyo*, 2023-Ohio-267, ¶ 14 (11th Dist.). "If [the] court is unable to find issues of arguable merit, the decision is affirmed on the merits and counsel is allowed to withdraw." *Id.*

{¶8} Cancilla has not raised additional issues for review. Accordingly, we will proceed to consider counsel's Arguable Assignment of Error: "The trial court commit[ted] prejudicial error that deprived Jeffrey Cancilla of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article One, Section Ten of the Ohio Constitution by suspending his driving privileges pursuant to law."

{¶9} "Misdemeanor sentencing lies within the discretion of the trial court and will not be disturbed absent an abuse of discretion." *State v. Hogya*, 2023-Ohio-342, ¶ 14 (11th Dist.); *State v. Hill*, 70 Ohio St.3d 25, 29 (1994) ("as a general rule, an appellate court will not review a trial court's exercise of discretion in sentencing when the sentence is authorized by statute and is within the statutory limits").

3

Case No. 2024-A-0062

{¶10} Pursuant to Conneaut Municipal Ordinance 333.01, the penalties for violating subsection (a)(1)A include: "a mandatory jail term of three consecutive days [out of a possible maximum of one hundred eighty days]"; "a fine of not less than three hundred seventy-five dollars ($375.00) and not more than one thousand seventy-five dollars ($1,075)"; and "a suspension of the offender's driver's or commercial driver's license or permit or nonresident operating privilege for a definite period of one to three years." Conneaut Municipal Ordinance 333.01(h)(1)A.1, 3, and 4.

{¶11} At sentencing, the municipal prosecutor recommended the "mandatory minimums" with respect to Cancilla's sentence. Defense counsel argued similarly: "My client was employed as a CDL driver prior to this event, and because of these charges, he has no longer been able to continue in that employment. As such, he's looking for other employment at this time, and does have a dog that he takes care of that is his dog. And with that, with any mandatory minimums, we would request for limited driving privileges so that he may be able to go to and from any job applications - - or interviews that he may obtain, and any doctors' appointments, as he does have medications that he has to stay on and that must be current."

{¶12} Instead of imposing the mandatory minimum license suspension of one year, the municipal court ordered Cancilla's license to be suspended for two years, but did allow "Limited Driving Privileges granted upon proof of financial responsibility and other supporting documentation."

{¶13} We find no arguable error in Cancilla's sentence. The jail sentence, the fine, and the license suspension were all within the ranges prescribed by municipal

4

Case No. 2024-A-0062

ordinance. There are no extraordinary circumstances in the record that even suggest that the sentence imposed was not within the municipal court's discretion.

{¶14} As part of this court's duty to review the entire record to determine whether the appeal is wholly frivolous, we note the following: There are no apparent grounds for suppression of evidence. As described in the explanation of circumstances, the officers encountered Cancilla at a travel center and approached him without effecting a seizure for purposes of the Fourth Amendment. The officers determined that field sobriety tests were justified based on their own observations of Cancilla's conduct. *State v. Robinette*, 80 Ohio St.3d 234, 240 (1997) ("the minimal intrusion of simple questioning of a person not in custody does *not* constitute a 'seizure' requiring Fourth Amendment protection").

{¶15} Nor are there apparent grounds for invalidating the no contest plea. Cancilla was charged with a first-offense OVI, a "petty offense" for purposes of entering a plea. Traf.R. 2(D). The municipal court partially advised Cancilla of the effect of a no contest plea as required by Traf.R. 10(B) and (D), by notifying him, in writing, that a plea of no contest "is not an admission of guilt, but an admission of the truth of the facts contained in the Complaint and that the Court can, on that basis, find me guilty." *See* Traf.R. 10(B)(2) and (D); *compare State v. Jones*, 2007-Ohio-6093, ¶ 51 ("[w]hether orally or in writing, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B) before accepting a plea"). The court also had the prosecutor provide an explanation of circumstances before taking the plea. R.C. 2937.07.

{¶16} However, the municipal court did not fully inform Cancilla of the effect of the no contest plea because the trial court failed to also inform Cancilla that "such plea or admission shall not be used against the defendant in any subsequent civil or criminal

5

proceeding." Traf.R. 10(B)(2); *Jones* at ¶ 23; *State v. Sauceman*, 2021-Ohio-172, ¶ 17 (11th Dist.) ([t]he failure to comply with the sole requirement mandated by the Traffic Rules for accepting a plea in petty offense cases … is grounds for reversing the conviction"). However, the right to be informed of the effect of the plea has been deemed a nonconstitutional right. *State v. Griggs*, 2004-Ohio-4415, ¶ 12; *Jones* at ¶ 12. The "failure to comply with [informing the defendant of] nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice." *Griggs* at ¶ 12; *Jones* at ¶ 52. In the present case, as the municipal court partially complied with the Rule and Cancilla has not asserted any prejudice because of this failure, we find no basis for reversal. *State v. Howell*, 2005-Ohio-2927, ¶ 17 (7th Dist.) ("Howell cannot demonstrate a prejudicial effect in this case since the information the trial court failed to provide to him, that his plea cannot be used against him in further proceedings, is beneficial to him and an incentive to plead no contest").

{¶17} Accordingly, we find no grounds for filing a motion to suppress or holding the plea invalid.

{¶18} Having independently reviewed the record, we conclude that the present appeal is wholly frivolous. Counsel's motion to withdraw is granted, and the judgment of the Conneaut Municipal Court is affirmed.

JOHN J. EKLUND, J.,

ROBERT J. PATTON, J.,

concur.

6

Case No. 2024-A-0062