[Cite as *State v. Frasure*, 2025-Ohio-2922.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,

      Plaintiff-Appellee,

- vs -

JASON RYAN FRASURE,

      Defendant-Appellant.

**CASE NOS. 2024-A-0049**
               **2024-A-0050**

Criminal Appeals from the
Court of Common Pleas

Trial Court Nos.  2024 CR 00006
                   2024 CR 00009

---

## OPINION AND JUDGMENT ENTRY

Decided: August 18, 2025
Judgment: Affirmed

---

*April R. Grabman*, Ashtabula County Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Russell S. Bensing*, 729 Derby Way, Avon Lake, OH 44012 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1}    Defendant-appellant, Jason Ryan Frasure, appeals his convictions and/or sentences for OVI and Trespass in the Ashtabula County Court of Common Pleas.  For the following reasons, we affirm the convictions and sentences.

{¶2}    On April 24, 2024, Frasure entered a plea of guilty to Operating a Vehicle under the Influence of Alcohol, a Drug of Abuse or a Combination of Them, a felony of the fourth degree in violation of R.C. 4511.19(A)(1)(h) and (G)(1)(d), in Ashtabula C.P. No. 2024 CR 00006.  The prosecutor proffered the following factual basis for the charge:

> On December 23rd of 2023, APD was dispatched to a report of a
> male passed out behind the wheel of a car.  The officer responded
> to the car in the northbound lane of West Avenue preparing to turn

> westbound onto West 19th Street. The operator was the defendant. He had several cars behind him waiting to turn as well. The defendant was leaning forward with his head propped up by the steering wheel. The car was running and the gear was in drive. The officer reached over and placed the shift into park and removed the keys. … An open container of Fireball was in the center console and defendant smelled of alcohol. … He was asked to step outside the car and was asked if he needed medical treatment, which he refused. The defendant did not have a valid driver's license. He failed the horizontal gaze nystagmus test. He tried to provide a urine sample, but could not urinate. But then he provided a BAC at Post 4 and it came back as .271. He had three prior DUIs within ten years.

With respect to OVI, the trial court advised Frasure that the charge carried the following penalties: a mandatory term of incarceration of 60 days and a potential additional term of between 6 and 30 months; a mandatory minimum fine of $1,350 and a potential maximum fine of $10,500; and a mandatory license suspension of 3 years and a potential maximum lifetime suspension.

{¶3}    At the same plea hearing, Frasure entered a plea of guilty to Trespass in a Habitation when a Person is Present or Likely to be Present, a felony of the fourth degree in violation of R.C. 2911.12(B) and (E), in Ashtabula C.P. No. 2024 CR 00009. The prosecutor proffered the following factual basis for the charge:

> December 2nd of '23, APD was dispatched to 1812 Pleasantville for a report of an unwanted subject. The victim stated he was at his grandson's house and someone was downstairs in the basement without their permission. He said he drove by the house and saw a truck there, so he stopped to check it out and found the defendant in the basement. The defendant was on victim's camera coming into the house through the garage and then walking around.

With respect to Trespass, the trial court advised Frasure that the charge carried a term of incarceration of between six and eighteen months and a fine of up to $5,000 and that neither incarceration nor the fine were mandatory.

{¶4} At the same plea hearing, Frasure entered a plea of guilty to Criminal Trespass in Ashtabula C.P. No. 2024 CR 00067. This case has not been appealed.

{¶5} A sentencing hearing for all cases was held on May 20, 2024. For OVI, the trial court sentenced Frasure to 26 months of incarceration in prison, imposed a fine of $1,350, and suspended his license for 8 years. For Trespass in a Habitation, the court sentenced Frasure to 14 months of incarceration in prison. For Criminal Trespass, the court sentenced Frasure to 30 days of incarceration. All sentences were imposed concurrent to one another.

{¶6} On June 5, 2024, Frasure filed Notices of Appeal in Ashtabula C.P. No. 2024 CR 00006 and Ashtabula C.P. No. 2024 CR 00009, which have been consolidated.

{¶7} Counsel for Frasure has filed a Brief of Appellant pursuant to *Anders v. California* and a Motion to Withdraw as Appellate Counsel. As grounds for withdrawal, counsel asserted that, "after careful review of the record and the case law, [he] can discern no errors by the trial court prejudicial to the rights of appellant which present issues meriting review."

{¶8} *Anders v. California*, 386 U.S. 738 (1967), "permit[s] an attorney who, after conscientious examination of the record, concludes that a criminal appeal is wholly frivolous to so advise the court and request permission to withdraw, provided that his request is accompanied with a brief identifying anything in the record that could arguably support the client's appeal." (Citation omitted.) *State v. Moore*, 2016-Ohio-8288, ¶ 18. After the appellant is given the opportunity to raise additional issues supplementing the *Anders* brief, the court of appeals "must review the entire record to determine whether the appeal is wholly frivolous." *State v. Manyo*, 2023-Ohio-267, ¶ 14. "If [the] court is unable

Case Nos. 2024-A-0049, 2024-A-0050

to find issues of arguable merit, the decision is affirmed on the merits and counsel is allowed to withdraw." *Id.*

{¶9} Counsel for Frasure has asked this Court to review as a potential assignment of error whether Frasure's plea is invalid and whether his sentence is contrary to law or is clearly and convincingly unsupported by the record.

{¶10} "In order to enter a valid plea in a criminal case under the United States and Ohio Constitutions, 'the plea must be made knowingly, intelligently, and voluntarily.'" *State v. Garcia*, 2021-Ohio-4480, ¶ 18 (11th Dist.), quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). The Ohio Supreme Court has often emphasized that "[t]he best way to ensure that pleas are entered knowingly and voluntarily is simply to follow the requirements of Crim.R. 11 when deciding whether to accept a plea agreement." *State v. Clark*, 2008-Ohio-3748, ¶ 29. The essential requirements for accepting a plea in a felony case are: "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing"; "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence"; and "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a

Case Nos. 2024-A-0049, 2024-A-0050

reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."  Crim.R. 11(C).

{¶11}  Our review of the plea hearing transcript indicates that the trial court fully complied with the requirements of Criminal Rule 11 as well as advised Frasure that it would not be bound by the jointly recommended sentence.  Accordingly, we find no grounds for holding the plea invalid.

{¶12}  "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court."  R.C. 2953.08(G)(2).  "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing[,] … if it clearly and convincingly finds … [t]hat the sentence is otherwise contrary to law."  R.C. 2953.08(G)(2)(b).  "'A sentence is contrary to law when it is "in violation of statute or legal regulations,"' such as where it falls outside of the statutory range for the offense or where the trial court fails to consider the purposes and principles of sentencing under R.C. 2929.11 and the factors in R.C. 2929.12."  (Citations omitted.)  *State v. Shoff*, 2024-Ohio-2406, ¶ 8 (11th Dist.).

{¶13}  The 26-month sentence imposed on Frasure for OVI falls within the statutory range for that offense as does the 14-month sentence imposed for Trespass in a Habitation.  With respect to consideration of the purposes and principles of sentencing, the trial court's pronouncement of sentence amply demonstrates that these were duly considered:

> Now, the Court [has] reviewed the presentence investigation reports here.  They're extensive documents and they provide the Court with

Case Nos. 2024-A-0049, 2024-A-0050

much information here about you, Mr. Frasure.  The Court is familiar with the facts that led to the offenses pled to and further, the Court had an opportunity to review your past criminal record.  Now, and the Court also had an opportunity here to read your statement that you made, apologizing in the report.  As it relates to past criminal record, there's a couple juvenile adjudications.  At the adult level, the adult record here it's extensive.  It begins in 2008, it includes multiple misdemeanor convictions and felony convictions and it further includes, multiple opportunities where, Mr. Frasure, you were placed on community control.  You violated those rules of probation and then that resulted in probation violations and then you were ultimately sent to prison.  The Court [has] considered the purposes and principles of the sentencing statutes, as the overriding purposes are to punish the offenders and to protect the public from future crime.  The Court [has] considered recidivism and seriousness factors. … The OVI here in this matter it's a fourth-degree felony and so is a trespass in a habitation.  Two of the cases had victims.  These are three separate cases. … So the joint recommendation here between the State and defense for community control, the Court will not be following that recommendation.  The Court finds that community control would demean the seriousness of the conduct in these cases and its impact upon any victims and would not adequately protect the public.  Therefore, a sentence of imprisonment is commiserate [sic] with the seriousness of the defendant's conduct.  And a prison sentence does not place an unnecessary burden on the State.

{¶14} Accordingly, we find no error in Frasure's sentences.

{¶15} Frasure has not raised additional issues for review.

{¶16} Having considered counsel's potential assignments of error and having independently reviewed the record, we conclude that the present appeals are wholly frivolous.  Counsel's motion to withdraw is granted, and the judgments of the Ashtabula County Court of Common Pleas are affirmed.

ROBERT J. PATTON, P.J.,

JOHN J. EKLUND, J.,

concur.

Case Nos. 2024-A-0049, 2024-A-0050

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's instant appeals are wholly frivolous. It is the judgment and order of this court that the judgments of the Ashtabula County Court of Common Pleas are affirmed.

It is further ordered that the motion to withdraw as counsel for appellant filed by Atty. Bensing is hereby granted.

Costs to be taxed against appellant.

JUDGE MATT LYNCH

PRESIDING JUDGE ROBERT J. PATTON,
concurs

JUDGE JOHN J. EKLUND,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case Nos. 2024-A-0049, 2024-A-0050