[Cite as *State v. Casper*, 2018-Ohio-4375.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2018-A-0023 |
| JACOB MICHAEL CASPER a.k.a. JACOB CASPER, | : | |
| Defendant-Appellant. | : | |
| | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2017 CR 00251.

Judgment: Reversed, guilty plea vacated, and remanded.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Phillip L. Heasley*, Ashtabula County Public Defender, 4817 State Road, Suite 202, Ashtabula, OH 44004 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1}  Defendant-appellant, Jacob Casper, appeals from the judgment of the Ashtabula County Court of Common Pleas, denying his Motion to Withdrawal [sic] Plea. The issue to be determined by this court is whether a trial court errs in denying a defendant's motion to withdraw a guilty plea where the State refused to comply with the terms of the plea agreement after alleging that the defendant breached the agreement

by being terminated from a community-based corrections facility following his plea but prior to sentencing. For the following reasons, we reverse the judgment of the lower court, vacate Casper's guilty plea, and remand for further proceedings consistent with this opinion.

{¶2} On May 24, 2017, Casper was indicted by the Ashtabula County Grand Jury for one count of Aggravated Possession of Methamphetamine, a felony of the fifth degree, in violation of R.C. 2925.11(A) and (C)(1)(a).

{¶3} On December 1, 2017, a plea hearing was held at which Casper entered a plea of guilty to the offense as charged in the Indictment. At that hearing, the court reviewed the rights waived by Casper in entering his plea. On December 4, a Written Plea of Guilty and a Judgment Entry memorializing the plea were filed. The Written Plea of Guilty stated: "I understand that the State of Ohio's position on sentencing is: 2 years community control sanctions. Notice if violate 12 months prison." At the plea hearing, both parties had agreed this would be the State's position at sentencing.

{¶4} Following the plea hearing, memorandums relating to jail time credit were filed. In a Response to Motion for Jail Time Credit, the State attached an e-mail from Casper's parole officer, who stated that Casper had been ordered to enter into the Northeast Ohio Community Alternative Program (NEOCAP) for a separate offense, was transported to NEOCAP on December 4, 2017, and was unsuccessfully terminated from the program for refusing to participate on December 6, 2017.

{¶5} A sentencing hearing was set for December 14, 2017, at which counsel for both sides appeared but Casper was not present. The court filed a Judgment Entry on

2

that date, issuing a capias and also stating the following: "The Defendant was on Post-Release Control for another case and placed in NEOCAP as a condition of his Post-Release Control. The Defendant failed to comply with the conditions of NEOCAP and was returned to prison by the Adult Parole Authority six days after his Plea Hearing was held."

{¶6} On February 13, 2018, Casper filed a Motion to Withdrawal [sic] Plea. The Motion contended the State had indicated it would be requesting a period of incarceration rather than community control as stated in the plea agreement, which would breach that agreement. The State filed a response indicating that Casper was responsible for the breach since, "as part of the plea agreement * * *, [he] agreed to attend NEOCAP [for a separate offense]," he had entered NEOCAP, and left two days after treatment began.

{¶7} A sentencing hearing was held on February 16, 2018. At the beginning of the hearing, the court addressed the request to withdraw the plea. Defense counsel argued that the State's plan to "recant" its offer to recommend a sentence of community control violated the plea agreement. Counsel contended that the record did not show successful participation in NEOCAP was a term of the plea agreement. The State indicated it had agreed to recommend community control based on the fact that Casper would be sanctioned to NEOCAP for another offense. It argued that it believed Casper "breached the spirit of the agreement between the parties" since he did not successfully complete NEOCAP and that community control would be "illogical at this point," since he could not comply with its terms due to being imprisoned.

{¶8} The court denied the motion, finding that Casper was merely "dissatisfied"

3

with the State's sentencing recommendation.  The matter proceeded to sentencing, at which the State recommended a prison sentence in the range of six to twelve months. The court recognized Casper's repeated failures to follow rules of probation and community control and ordered him to serve a term of 11 months in prison.  It terminated his post-release control in another case due to the commission of the present offense and ordered him to serve a consecutive prison term of 461 days.  A February 21, 2018 Judgment Entry memorialized this sentence.

{¶9}    Casper timely appeals and raises the following assignment of error:

{¶10}  "The trial court erred by denying the defendant's motion to withdraw his plea, by failing to hold the State to its plea agreement."

{¶11}  Casper argues that he should have been permitted to withdraw his plea since the State "reneged on the negotiated agreement to recommend two years' community control."  He contends there was a lack of inquiry by the judge regarding the circumstances under which he left NEOCAP and insufficient evidence of a "community control violation" to allow the State's failure to abide by the plea agreement.

{¶12}  Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶13}  Presentence motions to withdraw a plea should be granted liberally.  *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).  The Supreme Court has recognized, however, that "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing," but, instead, "[a] trial court must conduct a hearing to

4

determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* at paragraph one of the syllabus. "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." (Citation omitted.) *State v. Holin*, 174 Ohio App.3d 1, 2007-Ohio-6255, 880 N.E.2d 515, ¶ 15 (11th Dist.).

{¶14} Casper urges that the trial court abused its discretion in evaluating his motion to withdraw by failing to satisfy the factors set forth by *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980). Generally, this court has applied the *Peterseim* four-factor test to determine whether a trial court has abused its discretion in denying a pre-sentence motion to withdraw a plea. *State v. Parham*, 11th Dist. Portage No. 2011-P-0017, 2012-Ohio-2833, ¶ 19. Under *Peterseim*, a trial court does not abuse its discretion in denying a motion to withdraw a plea: "(1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request." *Id.* at paragraph three of the syllabus.

{¶15} At issue specifically in this matter is the final factor, whether the court gave full and fair consideration to the plea withdrawal request and, specifically, whether the court erred in evaluating who was responsible for the breach of the plea agreement, which was the basis for Casper's request to withdraw.

{¶16} "A negotiated plea agreement is essentially a contract between the state and the defendant." *State v. Fetty*, 11th Dist. Portage No. 2010-P-0021, 2011-Ohio-

5

3894, ¶ 21. "A plea agreement is an essential part of the criminal justice system. * * * A defendant has a contractual right to enforcement of the prosecutor's obligations under the plea agreement after the plea has been accepted by the court." (Citations omitted.) *State v. Johnson*, 11th Dist. Trumbull No. 2016-T-0091, 2018-Ohio-2465, ¶ 16, citing *State v. Adams*, 2014-Ohio-724, 8 N.E.3d 984, ¶ 17 (7th Dist.); *Santobello v. New York*, 404 U.S. 257, 261, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

{¶17} In the event of a breach, "[t]he trial court may either allow the negotiated plea to be withdrawn or, alternatively, may require the specific performance of the plea bargain by ordering the prosecution to fulfill its promise." *State v. Olivarez*, 11th Dist. Lake No. 97-L-288, 1999 WL 262158, *3 (Mar. 31, 1999), citing *Santobello* at 263.

{¶18} In the present matter, the alleged breach relates to Casper's failure to successfully remain in NEOCAP following the entry of his plea, which resulted in the State's decision to change its sentencing recommendation. The State argues that Casper's "participation in NEOCAP was the reason behind the State's community control recommendation" and when he was terminated from the program, it was no longer required to make the agreed upon sentencing recommendation.

{¶19} It must be emphasized that neither the written plea agreement nor the transcript of the plea hearing reference any requirement that Casper must successfully remain in NEOCAP as a condition of the plea agreement. While the State argues that this was part of the basis for its promise to recommend community control, it points to no facts in the record to support that conclusion, a contention that was denied by Casper at the hearing on his motion to withdraw his plea. As has been held by this court on several occasions, promises that are not made part of the written plea

6

agreement, especially in instances where the agreement states that no other promises than those listed in the plea agreement have been made, are not binding upon the parties. *See State v. Story*, 11th Dist. Ashtabula No. 2006-A-0085, 2007-Ohio-4959, ¶ 44 (oral statements by a prosecutor that were not made part of a negotiated plea were not a binding contract); *State v. Smith*, 11th Dist. Portage No. 2004-P-0061, 2005-Ohio-4899, ¶ 20-25.

**{¶20}** Since any negotiations or discussions relating to compliance with the terms of NEOCAP in relation to a prior offense were not included in the written plea agreement, no conditions arising from those discussions were binding upon Casper. Thus, his failure to complete NEOCAP did not breach the plea agreement. Since there was no breach by Casper, it follows that the State was bound by the terms of such agreement. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello*, 404 U.S. at 262, 92 S.Ct. 495, 30 L.Ed.2d 427; *Story* at ¶ 43 ("a prosecutor has an affirmative obligation to fulfill the terms of a plea agreement in their entirety"). By failing to make the agreed upon sentencing recommendation, the State was in breach. Since the failure of either party to fulfill the terms of the agreement relieves the opposing party of its obligations, it was proper for Casper to seek to withdraw his plea and the trial court abused its discretion in denying his motion. *See State v. Ready,* 11th Dist. Lake No. 2001-L-150, 2002-Ohio-7138, ¶ 51; *Olivarez*, 1999 WL 262158, at *3.

**{¶21}** As such, the plea agreement was rendered void by the State's breach and Casper's guilty plea is vacated.

7

{¶22} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas, denying Casper's Motion to Withdrawal [sic] Plea, is reversed, Casper's plea is vacated, and this case is remanded to the trial court to allow appellant to either maintain his not guilty plea or to plead anew. Costs to be taxed against appellee.

CYNTHIA WESTCOTT RICE, J., concurs in judgment only with a Concurring Opinion.

TIMOTHY P. CANNON, J., concurs in judgment only and concurs with Concurring Opinion.

_____

CYNTHIA WESTCOTT RICE, J., concurs in judgment only with a Concurring Opinion.

{¶23} I concur in judgment only based upon the majority's disposition of appellant's assignment of error. I write separately because I do not agree with the analysis contained in the opinion.

{¶24} Appellant entered a plea based upon having an agreement with the state for a community-control recommendation at sentencing. Due to appellant's termination from NEOCAP, the state decided it could no longer make this recommendation. The state breached the terms of the plea agreement. Therefore, the trial court should have granted appellant's presentence motion to withdraw his plea.

TIMOTHY P. CANNON, J., concurs in the foregoing Concurring Opinion.

8