[Cite as *State v. McElroy*, 2023-Ohio-3756.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2023-L-042 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the<br>Court of Common Pleas |
| BRIAN K. MCELROY, | |
| Defendant-Appellant. | Trial Court No. 2021 CR 000932 |

**O P I N I O N**

Decided: October 16, 2023
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Allison S. Breneman*, P.O. Box 829, Willoughby, OH 44096 (For Defendant-Appellant).

JOHN J. EKLUND, P.J.

{¶1} Appellant, Brian McElroy, appeals his sentences from the Lake County Court of Common Pleas. He asserts that his sentences do not comply with R.C. 2929.11 and 2929.12 because the trial court should have weighed mitigating factors differently. For the following reasons, the trial court's judgment is affirmed.

{¶2} On February 21, 2023, Appellant pled guilty to Aggravated Possession of Drugs, a second-degree felony in violation of R.C. 2925.11, and Having Weapons while under Disability, a third-degree felony in violation of R.C. 2923.13(A)(2).

**{¶3}** On March 31, 2023, the court held a sentencing hearing. The court stated that it considered R.C. 2929.11 and 2929.12. It sentenced Appellant to six to nine years imprisonment for Aggravated Possession of Drugs, and twenty-four months for Having Weapons while under Disability, to be served concurrently. The court's "Judgment Entry of Sentence" also provided that it considered R.C. 2929.11 and 2929.12.

**{¶4}** Appellant timely appeals and raises one assignment of error:

"The trial court abused its discretion by imposing a sentence contrary to R.C. 2929.11 and the purposes and principles of the felony sentencing guidelines."

**{¶5}** R.C. 2929.11(A) defines the principles and purposes of felony sentencing in Ohio and requires a sentencing court to "be guided by the overriding purposes."

**{¶6}** R.C. 2929.12 grants discretion to a court that imposes a sentence under that chapter to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11.

**{¶7}** R.C. 2953.08 governs our standard of review and provides:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

2

{¶8} The Ohio Supreme Court has explained the application of R.C. 2953.08(G)(2) in relation to R.C. 2929.11 and 2929.12 in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649. First, the Court held that R.C. 2953.08(G)(2)(a) does not allow an appellate court to vacate a sentence based on "lack of support in the record for a trial court's findings under R.C. 2929.11 and .12" because neither section is enumerated within division (G)(2)(a) of the statute, and, more fundamentally, neither statute requires the court to make "findings." *Id.* at ¶ 29, ¶ 31. The Court reasoned, "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42.

{¶9} When sentencing, a "trial court is not required to give any particular weight or emphasis to a given set of circumstances; it is merely required to consider the statutory factors in exercising its discretion." *State v. Delmanzo*, 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶ 23. A sentencing court fulfills its duties under R.C. 2929.11 and 2929.12 when it states that it considered them. *State v. DeLuca*, 11th Dist. Lake No. 2020-L-089, 2021-Ohio-1007, ¶ 18.

{¶10} Appellant specifically contends that this court should reverse his sentences because the trial court failed to consider mitigating factors, such as Appellant's cooperation with law enforcement, remorse for his actions, mental health issues, and drug addiction. Under *Jones,* this court does not have authority to independently weigh mitigating factors. *Jones,* at ¶ 42.

{¶11} The sentencing court fulfilled its duty by stating that it considered R.C. 2929.11 and 2929.12. *DeLuca*, at ¶ 18.

3

{¶12} Appellant's assignment of error is without merit.

{¶13} We affirm the judgment of the Lake County Court of Common Pleas.


MATT LYNCH, J.,

EUGENE A. LUCCI, J.,

concur.

4