[Cite as *State v. Miller*, 2025-Ohio-339.]

# IN THE COURT OF APPEALS OF OHIO
# ELEVENTH APPELLATE DISTRICT
# ASHTABULA COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

NOAH A. MILLER,

        Defendant-Appellant.

CASE NO. 2024-A-0061

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2024 CR 00118

**O P I N I O N**

Decided: February 3, 2025
Judgment: Affirmed

*April R. Grabman*, Ashtabula County Prosecutor, and *Calvin Nguyen*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Rhys B. Cartwright-Jones*, 42 North Phelps Street, Youngstown, OH 44503 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Noah A. Miller, appeals the judgment of the Ashtabula County Court of Common Pleas that sentenced him to an aggregate prison term of 54 months following his guilty pleas to two counts of gross sexual imposition.

{¶2} Appellant raises a single assignment of error, contending that the trial court erred by imposing a maximum sentence without adequately considering the purposes of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12.

{¶3} Having reviewed the record and the applicable law, we find Appellant's assignment of error to be without merit. Appellant's sentences are not clearly and convincingly contrary to law because the record reflects that the trial court expressly considered R.C. 2929.11 and 2929.12. Therefore, we affirm the judgment of the Ashtabula County Court of Common Pleas.

## Substantive and Procedural History

{¶4} On March 15, 2024, the Ashtabula County Grand Jury indicted Appellant on five felony counts of gross sexual imposition involving his minor daughter. In counts one and two, Appellant was charged with third-degree felonies in violation of R.C. 2907.05(A)(4) and (C)(2) for offenses that allegedly occurred on or about March 1 through May 24, 2023, when the victim was 12 years old. In counts three, four, and five, Appellant was charged with fourth-degree felonies in violation of R.C. 2907.05(A)(1) and (C)(1) for offenses that allegedly occurred on or about May 25 through October 31, 2023, when the victim was 13 years old. Appellant was arraigned and pleaded not guilty.

{¶5} On May 28, 2024, the parties entered into a plea agreement in which Appellant agreed to plead guilty to counts one and three in exchange for the State's dismissal of counts two, four, and five. The parties agreed to a presentence investigation ("PSI") and to argue sentence. The trial court held a plea hearing and engaged in a colloquy with Appellant pursuant to Crim.R. 11. Following the colloquy, the trial court accepted Appellant's oral pleas of guilty to counts one and three and found him guilty. The court set the matter for sentencing and ordered a PSI.

{¶6} On June 18, 2024, Appellant filed a sentencing memorandum requesting no actual incarceration. Appellant asserted the following factors in mitigation: (1) he did

2

not use force or coercion in connection with his offenses; (2) he brought his wrongdoing to the attention of others; (3) he has no prior convictions; (4) he has the support of his wife; (5) he obtained a psychological evaluation at his expense, and the psychological report attached to his memorandum indicates he has a low risk of reoffending; (6) he is very remorseful; (7) he is gainfully employed; (8) he is "Old Order Amish" and has the support of his community; (9) he participates in the STOP program and counseling; and (10) he has already received "peripheral forms of punishment."

{¶7} On the same date, the trial court held a sentencing hearing. Appellant made a statement on his own behalf. Over the State's objection, defense counsel read into the record a statement from the victim requesting that her father not be sent to prison. Defense counsel expressed the support of Appellant's wife and presented testimony from the chairperson of the support team formed by Appellant's church. Defense counsel also made a statement on Appellant's behalf reiterating the factors from his sentencing memorandum.

{¶8} In response, the State disputed whether the victim's recommendation should be afforded weight, stating that "it would not be uncommon that a child may still love a parent." The State also disagreed with the defense on the issue of force, stating that the victim was not able to consent due to her age. The State did not recommend any particular sentences.

{¶9} The trial court stated that it considered the purposes and principles of the sentencing statutes, the recidivism and seriousness factors, and all documents and testimony. The court noted that Appellant did not have a criminal history, had led a law-abiding life for a significant number of years, and had shown genuine remorse. However,

3

the court also noted that the offenses were serious, were sexual in nature, and involved a young victim who is Appellant's daughter. The trial court found that community control would demean the seriousness of Appellant's conduct and its impact upon the victim and would not adequately protect the public. Therefore, the court found that a sentence of imprisonment was commensurate with the seriousness of Appellant's conduct and did not place an unnecessary burden on the State. The trial court sentenced Appellant to prison terms of 54 months on count one and 14 months on count three, to be served concurrently, for an aggregate prison term of 54 months.

{¶10} Appellant timely appealed, raising a single assignment of error.

**Assignment of Error and Analysis**

{¶11} Appellant's sole assignment of error states:

{¶12} "The trial court erred by imposing a maximum sentence without adequately considering the statutory mitigating factors and the purposes of felony sentencing under R.C. 2929.11 and R.C. 2929.12."

{¶13} R.C. 2929.11(A) sets forth the "overriding purposes of felony sentencing," which are "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." A sentencing court "shall be guided by the overriding purposes." *Id.* In addition, the sentence "shall be reasonably calculated to achieve the three overriding purposes of felony sentencing . . . , commensurate with and not demeaning to the seriousness of the offender's conduct and

4

its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶14} R.C. 2929.12(A) grants discretion to the sentencing court to determine the most effective way to comply with the purposes and principles of sentencing. In exercising that discretion, the court is required to consider the factors in R.C. 2929.12(B) and (C) regarding the seriousness of the conduct and the factors in R.C. 2929.12(D) and (E) regarding the likelihood of the offender's recidivism *Id.* The court may also consider any other factors that are relevant to achieving the purposes and principles of sentencing. *Id.*

{¶15} The standard of review for felony sentences is governed by R.C. 2953.08(G)(2), which provides:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶16} In *State v. Jones*, 2020-Ohio-6729, the Supreme Court of Ohio explained the application of R.C. 2953.08(G)(2) in relation to R.C. 2929.11 and 2929.12. The *Jones* Court determined that R.C. 2929.11 and 2929.12 are not among the statutory

5

provisions listed in R.C. 2953.08(G)(2)(a). *Id.* at ¶ 28. Therefore, contrary to the Court's prior "dicta" in *State v. Marcum*, 2016-Ohio-1002, R.C. 2953.08(G)(2)(a) does not provide a basis for an appellate court to modify or vacate a sentence based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and 2929.12. *Id.* at ¶ 29.

{¶17} Although R.C. 2953.08(G)(2)(b) permits an appellate court to review whether a sentence is "otherwise contrary to law, the *Jones* Court determined that this phrase is not "equivalent" to "an appellate court's conclusion that the record does not support a sentence under R.C. 2929.11 or 2929.12." *Id.* at ¶ 34. Thus, the *Jones* Court held that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42.

{¶18} Appellant argues that his "maximum sentence" was "otherwise contrary to law" because the trial court "did not properly weigh the statutory factors." Specifically, Appellant argues that the trial court "disregarded significant mitigating evidence," including Appellant's "lack of prior criminal history, genuine remorse, and strong community support."

{¶19} As an initial matter, neither of Appellant's sentences was a "maximum" sentence. Count one was a third-degree felony that carried a maximum prison sentence of 60 months. R.C. 2929.14(A)(3)(a). Appellant was sentenced to 54 months. Count three was a fourth-degree felony that carried a maximum prison sentence of 18 months. R.C. 2929.14(A)(4). Appellant was sentenced to 14 months to be served concurrently.

Case No. 2024-A-0061

**{¶20}** Appellant relies on two appellate court decisions in support of his "contrary-to-law" argument: *State v. Arnold*, 2010-Ohio-3125 (5th Dist.), and *State v. Watkins*, 2010-Ohio-740 (2d Dist.). However, neither case supports Appellant's position. In particular, Appellant misstates the *Arnold* court's determinations. Contrary to Appellant's assertions, the *Arnold* court found no error and affirmed the defendant's sentences. *Id*. at ¶ 58-60. In addition, both appellate courts reviewed the defendant's sentence under an abuse-of-discretion standard, which the Supreme Court of Ohio later abrogated in *Marcum*, 2016-Ohio-1002, at ¶ 10 ("we hold that appellate courts may not apply the abuse-of-discretion standard in sentencing-term challenges"). Further, both decisions pre-date *Jones* and, thus, do not reflect current Ohio law.

**{¶21}** Appellant's argument essentially asks this Court to reweigh the evidence and determine that his sentences are inconsistent with R.C. 2929.11 and 2929.12. Pursuant to *Jones*, this Court is not permitted to do so. A "trial court is not required to give any particular weight or emphasis to a given set of circumstances; it is merely required to consider the statutory factors in exercising its discretion." *State v. DelManzo*, 2008-Ohio-5856, ¶ 23 (11th Dist.). A sentencing court fulfills its duties under R.C. 2929.11 and 2929.12 by stating that it considered them. *State v. DeLuca*, 2021-Ohio-1007, ¶ 18 (11th Dist.).

**{¶22}** Here, the trial court expressly stated that it considered the purposes and principles of sentencing and the recidivism and seriousness factors. Although not required to do so, the trial court discussed several statutory factors on the record. Specifically, the trial court found that Appellant did not have a criminal history, had led a law-abiding life for a significant number of years, and had shown genuine remorse but

7

Case No. 2024-A-0061

also that the offenses were serious, sexual in nature, and involved a young victim who is Appellant's daughter. Accordingly, Appellant's sentences are not clearly and convincingly contrary to law.

{¶23} Appellant's sole assignment of error is without merit.

{¶24} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.


ROBERT J. PATTON, P.J.,

MATT LYNCH, J.,

concur.