[Cite as *State v. Hall*, 2025-Ohio-5281.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NOS. 2025-A-0017** |
| Plaintiff-Appellee, | **2025-A-0018** |
| - vs - | Criminal Appeals from the Court of Common Pleas |
| JOSHUA LUKE HALL, | |
| Defendant-Appellant. | Trial Court Nos. 2023 CR 00581 2023 CR 00632 |

## OPINION AND JUDGMENT ENTRY

Decided: November 24, 2025
Judgment: Affirmed

*April R. Grabman*, Ashtabula County Prosecutor, and *Dane R. Hixon*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Margaret Brunarski*, Ashtabula County Public Defender, *Moufid Ghassan Sayej*, *Brianna M. Allen*, and *Phillip L. Heasley*, Assistant Public Defenders, 22 East Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).

SCOTT LYNCH, J.

{¶1}     Defendant-appellant, Joshua Luke Hall, appeals from the judgments of the Ashtabula County Court of Common Pleas, sentencing him to consecutive prison terms of 30 months for Attempted Aggravated Trafficking in Drugs and Aggravated Possession of Drugs.  For the following reasons, we affirm the judgment of the lower court.

{¶2}     On November 16, 2023, in Case No. 2023 CR 00581, the Ashtabula County Grand Jury indicted Hall for three counts of Aggravated Trafficking in Drugs, felonies of the second degree, in violation of R.C. 2925.03(A)(1) and (C)(1)(d).  On December 21, 2023, in Case No. 2023 CR 00632, the Grand Jury indicted him for one count of

Aggravated Trafficking in Drugs, a felony of the second degree, in violation of R.C. 2925.03(A)(2) and (C)(1)(d), and two counts of Aggravated Possession of Drugs, felonies of the second and third degree, in violation of R.C. 2925.11(A) and (C)(1)(b) and (c).

{¶3} The court held a change of plea hearing on March 19, 2024. Hall entered a guilty plea to one count of Aggravated Possession of Drugs in Case No. 2023 CR 00632. At a March 31, 2025 hearing, Hall entered a guilty plea to an amended count of Attempted Aggravated Trafficking in Drugs, a felony of the third degree, in Case No. 2023 CR 00581. The charges arose from a series of narcotic sales to a confidential source. The remaining charges were dismissed. The State indicated that the parties had "an agreement for community control sanctions."

{¶4} The matter proceeded to sentencing. Both defense counsel and the State requested the agreed community control sanction be given. The State indicated that it recognized Hall's prior criminal history and the seriousness of the charges, but that law enforcement officers agreed with the recommended sentence. The court stated that it had reviewed the presentence investigation report and was familiar with the facts of the offenses and Hall's past criminal record. The court outlined Hall's juvenile offenses, misdemeanor and felony convictions as an adult including drug offenses, a probation violation, and a warrant issued for failure to appear. It found "it is concerning here, this past record." It also recognized Hall's periods of sobriety as well as his admission that he had not been taking sobriety as seriously as he should have.

{¶5} The court found that Hall had "not been law abiding for several years and has not responded favorably to sanctions previously imposed and [is] continuing to commit crime." The court acknowledged the recommendation but found community

control would demean the seriousness of the case, would not adequately protect the public, and a prison sentence would not place an unnecessary burden on the State. The court ordered Hall to serve consecutive 30-month prison terms for each charge. It found that consecutive sentences are necessary to protect the public from future crime and punish the defendant, are not disproportionate to the seriousness of the defendant's conduct and the danger he poses to the public, and his history of criminal conduct demonstrated that consecutives sentences were necessary to protect the public. The court memorialized the sentence and findings in its sentencing entries.

{¶6}　Hall timely appeals and raises the following assignments of error:

{¶7}　"[1.] The trial court clearly and convincingly committed prejudicial error that deprived Joshua Luke Hall of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution, by imposing consecutive prison sentences without making the findings required by R.C. 2929.14(C)(4).

{¶8}　"[2.] The trial court clearly and convincingly committed prejudicial error that deprived Joshua Luke Hall of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution, by imposing a sentence contrary to law under R.C. 2929.11, where the sentence failed to promote rehabilitation or consider the minimum sanctions necessary to achieve the statutory purposes of felony sentencing.

{¶9}　"[3.] The trial court clearly and convincingly committed prejudicial error in violation of R.C. 2929.11, R.C. 2929.12, and R.C. 2953.08 by imposing consecutive prison sentences without properly considering or weighing factors under R.C. 2929.12,

Case Nos. 2025-A-0017, 2025-A-0018

despite clear evidence of the defendant's rehabilitation potential, genuine remorse, and expressed need for substance abuse treatment.

{¶10} "[4.] The trial court clearly and convincingly committed prejudicial error that deprived Joshua Luke Hall of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution, by disregarding the terms of a negotiated plea agreement recommending community control and imposing consecutive sentences without articulating any lawful basis for departing from the agreement."

**Review of Felony Sentences**

{¶11} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence . . . given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing . . . if it clearly and convincingly finds . . . [t]hat the record does not support the sentencing court's findings under division . . . (C)(4) of section 2929.14 . . . [or] [t]hat the sentence is otherwise contrary to law." *Id.*; *State v. Marcum*, 2016-Ohio-1002, ¶ 1.

**Consecutive Sentences**

{¶12} In his first assignment of error, Hall contends that the court imposed consecutive sentences "without making the full, evidence-based findings required by R.C. 2929.14(C)(4)" and "failed to link any of the statutory findings to specific evidence."

{¶13} The State observes that review of consecutive sentences must be for plain error due to Hall's failure to object. "Where the defendant fails to object to the imposition

Case Nos. 2025-A-0017, 2025-A-0018

of consecutive sentences, we limit our review to whether the trial court committed plain error." *State v. Campbell*, 2023-Ohio-4597, ¶ 12 (11th Dist.). "Plain error exists when it can be said that but for the error, the outcome of the trial would clearly have been otherwise." *State v. Issa*, 93 Ohio St.3d 49, 56 (2001).

{¶14} A trial court may order consecutive terms if it finds it is "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and finds any of the R.C. 2929.14(C)(4)(a)-(c) factors are present. Pertinent here is (C)(4)(c): "The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." "To impose consecutive terms, the court 'is required to make the[se] finding[s] . . . at the sentencing hearing and incorporate its findings into its sentencing entry.'" (Citation omitted.) *State v. Elliott*, 2023-Ohio-412, ¶ 9 (11th Dist.).

{¶15} The court made all statutory findings required for consecutive sentences at the sentencing hearing and in its sentencing entries. To the extent that Hall believes the court should have made more detailed findings supporting its consecutive sentences, a court "has no obligation to state reasons to support its [consecutive sentencing] findings." *State v. Bonnell*, 2014-Ohio-3177, ¶ 37.

{¶16} Further, the consecutive sentencing findings were supported by the record. Hall's criminal history supported the conclusions that he posed a danger to the community and was at risk of reoffending. As the court observed, Hall had multiple past felony convictions and drug-related offenses. The court reviewed his past conduct in conjunction with his present offenses, as described by the prosecutor and in the PSI,

which consisted of drug possession and drug trafficking. As the court also correctly noted, Hall had a lack of compliance with past sanctions and court orders, including a probation violation and failure to appear. It was evident the court was concerned that Hall continued to commit drug offenses that could pose harm to the community.

{¶17} Hall argues that the court did not "meaningfully" address proportionality. However, not only did the court specifically make a proportionality finding, but the review of Hall's criminal conduct supported this finding. The court's consideration of proportionality is demonstrated "through examination of facts such as the defendant's past and current criminal conduct." *State v. Hiles*, 2025-Ohio-1119, ¶ 27 (11th Dist.).

{¶18} To the extent that Hall raises issues relating to imposition of prison rather than community control, consideration of mitigating factors, and cites authority relating to such issues, these will be addressed in the pertinent assignments of error below.

{¶19} The first assignment of error is without merit.

**Consideration of R.C. 2929.11 and Community Control**

{¶20} In his second assignment of error, Hall argues that his sentence was contrary to law under R.C. 2929.11, since the court failed to consider whether community control would have achieved rehabilitation and the statutory sentencing purposes.

{¶21} "[A] sentence is contrary to law . . . if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11." (Citations omitted.) *State v. Boone*, 2024-Ohio-6116, ¶ 33 (11th Dist.). These include protecting the public, punishing the offender, and promoting rehabilitation using the "minimum sanctions" that accomplish these purposes without imposing an unnecessary burden on government resources. R.C. 2929.11(A). "A sentencing court fulfills its duties under R.C.

Case Nos. 2025-A-0017, 2025-A-0018

2929.11 . . . when it states that it considered them." *State v. McElroy*, 2023-Ohio-3756, ¶ 9 (11th Dist.). Further, "[a]bsent evidence to the contrary, a reviewing court will presume the trial court considered all appropriate sentencing factors, even if the record is silent." *State v. Dawson*, 2016-Ohio-2800, ¶ 15 (11th Dist.).

{¶22} "When sentencing a defendant for a third-degree felony . . . 'the trial court has discretion to impose either a prison term under R.C. 2929.14 or community-control sanctions under R.C. 2929.15.'" *State v. Manyo*, 2023-Ohio-267, ¶ 16 (11th Dist.), citing *State v. Hitchcock*, 2019-Ohio-3246, ¶ 16 (11th Dist.). "In exercising its discretion to impose either a prison term or community-control sanctions for an offense, the trial court must consider the overriding purposes of felony sentencing under R.C. 2929.11 and the aggravating and mitigating factors enumerated in R.C. 2929.12." (Citation omitted.) *Id.*

{¶23} The trial court stated that it considered the purposes and principles of sentencing, including punishing offenders and protecting the public from future crime, although it did not cite the specific statute number.[1] We find nothing in the record to demonstrate it failed to consider the purposes set forth in R.C. 2929.11. As described above, the court considered the need to protect the public given Hall's past criminal record as well as his past probation violation. This impacted its decision regarding the minimum sanctions and whether community control was appropriate.

---

1. The trial court stated that it "considered the purposes and principles of the sentencing statutes, as the overriding purposes are to punish the offenders and to protect the public from future crime." As provided in R.C. 2929.11(A), the purposes of sentencing are to punish offenders, protect the public, and "to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on . . . government resources." The court did not list the final purpose, to promote rehabilitation. Nonetheless, the court indicated that it generally considered the purposes and principles of sentencing. While it would be a better practice to avoid providing an incomplete list of sentencing purposes, it does not constitute reversible error.

Case Nos. 2025-A-0017, 2025-A-0018

{¶24} Pursuant to the Ohio Supreme Court's holding in *State v. Jones*, 2020-Ohio-6729, "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42; *State v. Miller*, 2025-Ohio-339, ¶ 21 (11th Dist.). Hall "essentially ask[s] this Court to do what it cannot do – review whether the record supported the trial court's decision to impose a prison term rather than a community control sanction." *State v. Reed,* 2023-Ohio-1324, ¶ 17 (11th Dist.). Provided the trial court considers the appropriate factors, it has "full discretion to impose a sentence within the statutory range." *State v. Foti*, 2020-Ohio-439, ¶ 73 (11th Dist.). Hall's sentences were within the range for third-degree felonies, which carry a sentence of up to 36 months. R.C. 2929.14(A)(3)(b).

{¶25} The second assignment of error is without merit.

**Consideration of R.C. 2929.12 Sentencing Factors**

{¶26} In his third assignment of error, Hall argues that the court failed to "meaningfully consider any mitigating factors."

{¶27} R.C. 2929.12(A) provides the sentencing court with discretion to "determine the most effective way to comply with the purposes and principles of sentencing." In exercising its discretion, the court shall consider R.C. 2929.12 factors "relating to the seriousness of the conduct [and] . . . the likelihood of the offender's recidivism." *Id.* The trial court "fulfills its duties under R.C. 2929.12 by stating that it considered it" and is "not required to give any particular weight or emphasis to a given set of circumstances." *Miller*, 2025-Ohio-339, at ¶ 21 (11th Dist.); *State v. DelManzo*, 2008-Ohio-5856, ¶ 23 (11th Dist.).

{¶28} The court stated at the sentencing hearing and in its entries that it

Case Nos. 2025-A-0017, 2025-A-0018

considered the seriousness and mitigation factors. "[W]e will not presume the trial court failed to weigh certain factors merely because the trial court did not explicitly discuss each discrete factor." *State v. Davy*, 2024-Ohio-5550, ¶ 21 (11th Dist.). The court expressed concern over Hall's criminal record and failure to comply with past sanctions and it was entitled to determine these recidivism factors warranted the sentence that was given.

{¶29} The trial court's weighing of the factors cannot be considered on appeal. As explained above, *Jones*, 2020-Ohio-6729, does not permit this court to weigh the evidence to determine the sentence best reflecting compliance with R.C. 2929.12. *Id.* at ¶ 42; *State v. Freshwater*, 2023-Ohio-1248, ¶ 10 (11th Dist.) ("we are precluded from reviewing whether [the] sentence is supported by the record under R.C. 2929.12"). The weight to be given to Hall's personal issues such as periods of sobriety and relapse was for the trial court to decide. For these reasons, we find no error in the application of R.C. 2929.12. *State v. Hoyle*, 2023-Ohio-3217, ¶ 16 (11th Dist.).

{¶30} While Hall cites *State v. Hope*, 2019-Ohio-3719 (12th Dist.), in support of his contention that reversal is warranted, in that case, the court reversed based on the trial court's failure to consider the sentencing factors. *Id.* at ¶ 23. Here, the lower court's statements demonstrated consideration of the sentencing factors and its review of the record further supported such a conclusion.

{¶31} The third assignment of error is without merit.

{¶32} In his fourth assignment of error, Hall first argues that the trial court erred in rejecting the parties' agreed sentencing recommendation. He contends that "when parties negotiate a plea agreement recommending community control, courts may not reject that agreement absent findings that the proposed sentence conflicts with law or

fails to serve statutory purposes," since such agreements "are treated 'as essentially contracts.'" *See State v. Casper*, 2018-Ohio-4375, ¶ 16 (11th Dist.).

**Court's Rejection of Jointly Recommended or Stipulated Sentence**

{¶33} It is accurate that "[a] defendant has a contractual right to enforcement of the prosecutor's obligation under the plea agreement." *Id.* The State complied by recommending community control to the court. However, it does not follow that the court is required to order such sentence. "It is well-established that 'trial courts may reject plea agreements and that they are not bound by a jointly recommended sentence.'" *Manyo*, 2023-Ohio-267, at ¶ 20 (11th Dist.), citing *State v. Underwood*, 2010-Ohio-1, ¶ 28. "A trial court does not err by imposing a sentence greater than 'that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended.'" (Citation omitted.) *Id.*, citing *State ex rel. Duran v. Kelsey*, 2005-Ohio-3674, ¶ 6. Hall cites no authority for the proposition that a trial court is bound by a jointly recommended sentence.

{¶34} We observe, however, that the written plea agreement in Case No. 581 states that there was a "stipulation to community control" and the sentence "is a stipulated and agreed to sentence by the parties." This court has held that, "[a]lthough a recommended sentence is a non-binding recommendation that the trial court may accept or reject, an agreed or stipulated sentence contains terms 'implying set guarantees.'" (Citation omitted.) *State v. Bakos*, 2023-Ohio-2827, ¶ 32 (11th Dist.). "[W]here the trial court accepts the agreement, the imposition of anything other than [the] stipulated sentence renders it voidable." *Id.* at ¶ 31.

Case Nos. 2025-A-0017, 2025-A-0018

{¶35} Although a stipulated sentence was referenced in the plea agreement, there is nothing indicating the court accepted such sentence. The court did not state that it accepted a stipulated sentence prior to entry of the plea. The court advised Hall during the plea colloquy that the court "is not bound to any agreed sentence between [Hall] and the State of Ohio." It further explained the maximum prison terms as well as the possibility of consecutive terms. Hall expressed no concern with these advisements. The Written Plea of Guilty and Plea Agreement stated: "I understand that any recommendation of sentence to the Court by the State is not binding in any way on the Court and that any sentence to be imposed is in the sole discretion of the Court." Since there is no basis to conclude that Hall was unaware he could receive a sentence different than that recommended by his counsel and the State, we find no error in the court's imposition of sentence. *Manyo* at ¶ 21-22; *see State v. Elliott*, 2021-Ohio-424, ¶ 23 (1st Dist.) (finding the court did not accept the stipulated sentence where it advised the court was not bound by it).

**Voluntariness of Plea**

{¶36} Finally, Hall argues that he did not enter his plea voluntarily. "In order to enter a valid plea in a criminal case under the United States and Ohio Constitutions, 'the plea must be made knowingly, intelligently, and voluntarily.'" *State v. Garcia*, 2021-Ohio-4480, ¶ 18 (11th Dist.), quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996).

{¶37} Hall argues his plea was involuntary because he believed he would receive the recommended sentence. This court has rejected this argument under similar circumstances where the prosecutor made the sentencing recommendation as promised and the defendant was advised of the maximum potential sentence and that the court

Case Nos. 2025-A-0017, 2025-A-0018

was not required to follow the recommendation. *Hiles*, 2025-Ohio-1119, at ¶ 18 (11th Dist.). Similarly, this court rejected defendant's argument that the decision "not to impose the parties' stipulated sentence" rendered his plea involuntary where he had been advised that "the court could sentence him differently, including sentencing him to a prison term." *State v. Phillips*, 2024-Ohio-3065, ¶ 5, 10 (11th Dist.).

{¶38} We also find no merit in Hall's argument that he entered his plea involuntarily because he believed the court would take other mitigating facts into consideration when sentencing him. There is nothing in the record to demonstrate that this was discussed in the plea agreement or to otherwise indicate that his plea was based on any other mitigating facts that should have been presented to the court. Hall did not raise this issue at sentencing and defense counsel did not attempt to introduce any other mitigating facts. We cannot find Hall's plea to be involuntary since "allegations that are not based on evidence in the record are improperly raised in a direct appeal." *State v. Byas*, 2022-Ohio-1814, ¶ 24 (11th Dist.); *State v. Ferguson*, 2020-Ohio-5578, ¶ 30 (11th Dist.).

{¶39} The fourth assignment of error is without merit.

{¶40} For the foregoing reasons, the judgments of the Ashtabula County Court of Common Pleas, sentencing Hall to consecutive prison terms of 30 months for Attempted Aggravated Trafficking in Drugs and Aggravated Possession of Drugs, are affirmed. Costs to be taxed against appellant.

JOHN J. EKLUND, J.,

EUGENE A. LUCCI, J.,

concur.

Case Nos. 2025-A-0017, 2025-A-0018

## JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the assignments of error are without merit.  The order of this court is that the judgments of the Ashtabula County Court of Common Pleas are affirmed.

Costs to be taxed against appellant.

_____
JUDGE SCOTT LYNCH

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE EUGENE A. LUCCI,
concurs

| **THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY** |
| :---: |
| A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure. |

Case Nos. 2025-A-0017, 2025-A-0018