[Cite as *State v. Lucero*, 2026-Ohio-1414.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2025-T-0048 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| DAVID LUCERO, | |
| Defendant-Appellant. | Trial Court No. 2024 CR 00892 |

## OPINION AND JUDGMENT ENTRY

Decided: April 20, 2026
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Charles L. Morrow*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Christopher P. Lacich*, Roth Blair Roberts Strasfield & Lodge, L.P.A., 100 East Federal Street, Suite 600, Youngstown, OH 44503 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Defendant-appellant, David Lucero ("Lucero"), appeals from the judgment of the Trumbull County Court of Common Pleas sentencing him to an aggregate prison term of 7 to 10½ years as a result of his convictions of eight counts of pandering sexually oriented mater involving a minor, felonies of the second degree, and two counts of illegal use of a minor in nudity oriented material or performance, felonies of the second degree. For the following reasons, we affirm.

{¶2} On appeal, Lucero asserts that the sentences imposed by the trial court are contrary to law. Lucero alleges that by opting to impose a lengthy term of incarceration,

the trial court failed to consider the purposes and principles of felony sentencing pursuant to R.C. 2929.11, and the seriousness and recidivism factors contained in R.C. 2929.12.

{¶3}   Upon review, we conclude that the court below expressly stated that it considered the purposes and principles of sentencing and the recidivism and seriousness factors. Lucero's sentences are within the statutory guidelines. Thus, Lucero's sentences are consistent with, and not contrary to, law.

{¶4}   As Lucero's sole assignment of error is without merit, the judgment of the Trumbull County Court of Common Pleas is affirmed.

## Substantive and Procedural Facts

{¶5}   On November 19, 2024, the Trumbull County Grand Jury, by secret indictment, charged Lucero with the following 30 counts: 19 counts of pandering sexually oriented matter involving a minor, felonies of the second degree, in  violation of R.C. 2907.322(A)(1) and (C) ("Counts 1, 2, 4, 5, 6, 8, 9, 10, 13, 14, 15, 23, 24, 25, 26, 27, 28, 29, and 30") and 11 counts of illegal use of minor in nudity oriented material or performance, felonies of the second degree, in violation of R.C. 2907.323(A)(1) and (B) ("Counts 3, 7, 11, 12, 16, 17, 18, 19, 20, 21, and 22").

{¶6}   That same day, Lucero pleaded not guilty to the charges at arraignment. Bond was set at $100,000 cash or surety with the condition that Lucero have no contact with any minor without the presence of the child's parent or legal guardian. Bond was posted on November 26, 2024. The trial court imposed additional bond conditions on December 12, 2024, which included electronic monitoring and a prohibition on the use or possession of electronic devices.

{¶7} Lucero's initial defense counsel filed a request for bill of particulars on November 26, 2024. Initial counsel subsequently withdrew. New counsel renewed the request for a bill of particulars on February 26, 2025, and filed a motion to suppress on March 12, 2025.

{¶8} At the suppression hearing on May 6, 2025, Lucero withdrew his motion to suppress. Lucero then entered a change of plea to an amended indictment consisting of eight counts of pandering sexually oriented matter involving a minor, felonies of the second degree, in violation of R.C. 2907.322(A)(1) and (C) ("Counts 1, 2, 4, 5, 6, 8, 9, 10"), and two counts of illegal use of a minor in nudity oriented material or performance, felonies of the second degree, in violation of R.C. 2907.323(A)(1) and (B) ("Counts 3, 7").

{¶9} The State offered the following factual basis at the plea hearing:

> Had we proceeded, the State would have proven each and every element of each and every offense beyond a reasonable doubt.
>
> Specifically, investigators with the Youngstown Mahoning County Human Trafficking Task Force received several cyber tips concerning child pornography emanating from this Defendant's I.P. address. A search warrant was executed at his address. The Defendant was found to be creating, developing, producing, reproducing, and publishing child pornographic material, as outlined further in the indictment.
>
> The State would have offered the testimony of agents with that Task Force. As well as the material itself to prove its case.

{¶10} The court below accepted Lucero's pleas and found him guilty of each of the offenses. A presentence investigation ("PSI") was ordered, which included a psychological evaluation or recidivism assessment.[1] Bond was continued with electronic

---

1. An order for the evaluation and recidivism assessment was filed on May 13, 2025.

Case No. 2025-T-0048

monitoring. Upon motion by the State, the remaining charges in the indictment, Counts 11-30, were dismissed.

{¶11} Lucero filed a sentencing brief on July 10, 2025. In the brief, Lucero argued for "rehabilitation and strict supervision over prolonged incarceration." Specifically, Lucero requested a term of local incarceration capped at 180 days and five years of intensive community control.

{¶12} The trial court proceeded to sentencing on July 16, 2025. At sentencing, the State asked the court to impose a term of incarceration but did not specify length. Defense counsel requested a sentence "somewhere between . . . straight Community Control . . . and six months in county jail."

{¶13} The trial court stated: "I've reviewed the Presentence Investigation. I've looked at the evidence and the descriptions of the videos and photographs that were taken. I was appalled by it. Rape of little children tied up and held down and penetrated and things that were in there are beyond common decency."

{¶14} The trial court informed Lucero of his duty and obligation to register as a Tier II sex offender. After considering the record, the oral statements, any victim impact statement(s), as well as the principles and purposes of sentencing and the seriousness and recidivism factors, the trial court imposed an indefinite prison term of a minimum of 7 years to a maximum of 10½ years in prison on Count 1. The trial court additionally imposed 7-year terms on each of the remaining counts, Counts 2-10. The sentences were ordered to be served concurrently to each other for an aggregate prison term of 7 to 10½ years.

{¶15} Lucero timely appeals from the sentencing entry.

Case No. 2025-T-0048

**The Appeal**

{¶16} Lucero raises a single assignment of error for review:

> [1.] The trial court erred and imposed a sentence clearly and convincingly contrary to law, by issuing an indeterminate sentence in the aggregate of a minimum of 7 years and a maximum of 10 and 1/2 years, plus fines and costs.

{¶17} Lucero asserts that the trial court had a duty to consider alternatives to a lengthy sentence of incarceration. Lucero alleges that by opting to impose a lengthy term of incarceration, the trial court failed to consider the purposes and principles of felony sentencing, R.C. 2929.11, and the seriousness and recidivism factors contained in R.C. 2929.12. We disagree.

{¶18} We review felony sentencing pursuant to R.C. 2953.08(G)(2). *State v. Lamb*, 2023-Ohio-2834, ¶ 9 (11th Dist.). After an appellate court reviews the record and sentence on appeal, the court "may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand . . . if it clearly and convincingly finds . . . [t]hat the sentence is . . . contrary to law." R.C. 2953.08(G)(2)(b). "'A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.'" *State v. Shannon*, 2021-Ohio-789, ¶ 11 (11th Dist.), quoting *State v. Brown*, 2017-Ohio-8416, ¶ 74 (2d Dist.).

{¶19} "The Supreme Court of Ohio has held that while 'R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds that "the record does not support the sentencing court's findings under" certain specified statutory provisions. But R.C. 2929.11 and 2929.12 are not among the statutory

provisions listed in R.C. 2953.08(G)(2)(a). Only R.C. 2929.13(B) and (D), 2929.14(B)(2)(e) and (C)(4), and 2929.20(I) are specified.'" *State v. Feidler*, 2024-Ohio-2040, ¶ 10 (11th Dist.), *appeal not accepted*, 2024-Ohio-4501, quoting *State v. Jones*, 2020-Ohio-6729, ¶ 28. Accordingly, "R.C. 2953.08(G)(2)(b) . . . does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Jones* at ¶ 31.

{¶20} Lucero was convicted of eight counts of pandering sexually oriented matter involving a minor, felonies of the second degree, in violation of R.C. 2907.322(A)(1) and (C) ("Counts 1, 2, 4, 5, 6, 8, 9, 10"), and two counts of illegal use of a minor in nudity oriented material or performance, felonies of the second degree, in violation of R.C. 2907.323(A)(1) and (B) ("Counts 3, 7").

{¶21} The statutory terms are outlined as follows:

> For a felony of the second degree committed on or after March 22, 2019, the prison term shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code, except that if the section that criminalizes the conduct constituting the felony specifies a different minimum term or penalty for the offense, the specific language of that section shall control in determining the minimum term or otherwise sentencing the offender but the minimum term or sentence imposed under that specific language shall be considered for purposes of the Revised Code as if it had been imposed under this division.

R.C. 2929.14(A)(2)(a).

{¶22} Lucero's sentences are within the statutory range for the offenses. Lucero does not dispute that the trial court specifically mentioned both R.C. 2929.11 and R.C. 2929.12. Indeed, the trial court stated at the sentencing hearing and in its judgment entry

that it considered the purposes and principles of sentencing and the recidivism and seriousness factors. The sentencing entry provides in relevant part:

> The Court has considered the record, oral statements, and any victim impact statements, as well as the principles and purposes of sentencing under R.C. 2929.11 and has balanced the seriousness and recidivism factors of R.C. 2929.12.

{¶23} Lucero argues that the trial court should have considered an alternative to lengthy incarceration because he was successful on electronic monitoring and had pursued counseling and treatment. Lucero contends that other sentencing alternatives were "more in line with guideposts of R.C. 2929.11 and R.C. 2929.12." In other words, Lucero argues that the trial court should have given him a lesser sentence.

{¶24} Lucero essentially asks this court to reweigh the evidence and determine that his sentences are inconsistent with R.C. 2929.11 and 2929.12. Pursuant to *Jones*, this court is not permitted to do so.

> A 'trial court is not required to give any particular weight or emphasis to a given set of circumstances; it is merely required to consider the statutory factors in exercising its discretion.' *State v. DelManzo*, 2008-Ohio-5856, ¶ 23 (11th Dist.). A sentencing court fulfills its duties under R.C. 2929.11 and 2929.12 by stating that it considered them. *State v. DeLuca*, 2021-Ohio-1007, ¶ 18 (11th Dist.).

*State v. Miller*, 2025-Ohio-339, ¶ 21 (11th Dist.).

{¶25} Here, the trial court imposed a sentence within the statutory guidelines for each offense. The court below stated that it considered the purposes and principles of sentencing and the seriousness and recidivism factors. This court is not permitted to independently reweigh the competing factors on appeal or review whether the record supports the imposition of a prison term rather than community control. *See State v. Hall*,

2025-Ohio-5281, ¶ 24 (11th Dist.). Thus, Lucero's sentences are not clearly and convincingly contrary to law.

{¶26} Lucero's sole assignment of error is without merit.

## Conclusion

{¶27} Accordingly, the judgment of the Trumbull County Court of Common Pleas is affirmed.

JOHN J. EKLUND, J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-T-0048

## JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignment of error is without merit. It is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
JUDGE ROBERT J. PATTON

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE EUGENE A. LUCCI,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-T-0048